(46 South. 105.)

No. 16,839.

IBERIA CYPRESS CO., Limited, v. VON SCHOELER.

(March 30, 1908.)

1. SALES—RIGHTS OF PURCHASER—REDUCTION OF PRICE.

Where the purchaser of a steam tug sued in reconvention for a reduction of the price to the extent of $1,000 on account of concealed defects in the hull and machinery of the boat, *held* that, having elected to keep the vessel, he cannot recover for repairs made thereon or for damages, but is restricted to his claim for a reduction of the price.

2. SAME—LIABILITY OF VENDOR.

In a suit for a reduction of the price, the responsibility of the bona fide vendor is measured by the difference in value between a sound and unsound article.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 43, Sales, §§ 1284–1301.]

3. SAME—ACTION ON NOTE.

Where the note sued on showed that it was given by the defendant to the plaintiff for a certain steam tugboat, evidence was admissible to connect the note with a purported cash sale of the same vessel made by plaintiff's manager in his own name.

(Syllabus by the Court.)

Appeal from Twenty-Third Judicial District Court, Parish of St. Mary; Albert Campbell Allen, Judge.

Action by the Iberia Cypress Company, Limited, against Victor Von Schoeler. Judgment for defendant, and plaintiff appeals. Amended and affirmed.

Burke & Burke and Charles Frank Borah, for appellant. Percy Saint, for appellee.

LAND, J. Plaintiff sued the defendant on the following note, to wit:

"$2,000.00.   No. 900.      New Iberia, La., Jan. 4, 1906.

"Jan. 4, 1907, after date, for value received, I promise to pay to the order of the Iberia Cypress Co., Ltd., two thousand and 00/100 dol-

lars at First National Bank of Franklin, La., with 6% interest per annum from maturity until paid.

"And in the event default is made in the payment of this note at maturity, and it is placed in the hands of an attorney for collection, or suit be brought on the same, then an additional amount of ten per cent. on the principal and interest of this note shall be added to the same as collection fees. In payment for tug Zip.
"[Signed]    Victor Von Schoeler."

The defendant answered that he purchased from the plaintiff a steam tugboat for the price of $2,000, represented by the note sued on, under representations that said boat was good, substantial, and sound, and had no defects which would render it unsafe; that in fact said boat was not in a seaworthy condition, but was unfit for use; that an examination made in January, 1906, shortly after the sale, disclosed that the engine was practically useless and that several timbers in the hull were rotten, said rottenness being concealed by cement and mud and covered over with flooring to deceive the respondent; that by said deceit and hidden defects the respondent has suffered $1,000 damages in necessary repairs and loss of use of said boat, and $1,000 in diminution of the price. Defendant, further answering, charges that all of said defects existed at the time of the sale and were well known to the plaintiff.

Defendant prayed that the suit be dismissed, and for judgment in reconvention for $2,000, with interest from January 15, 1906, and costs.

Plaintiff pleaded as lis pendens a similar reconventional demand for the purchase price of the steam tug "Zip," made in a prior suit between the same parties. This plea was overruled.

On the trial of the cause the reconventional demand was allowed to the extent of $1,200, and judgment was rendered in favor of the plaintiff for $800, with interest, attorney fees, and costs.

Plaintiff appealed, and defendant has answered, praying for an amendment of the judgment by increasing the amount allowed on the reconventional demand to the sum of $2,000, as prayed for in his answer.

On the trial of the case the defendant offered in evidence an act of sale to him from George W. Dallas of the steam tugboat Zip for the price of $2,000 cash, and also offered to prove by parol that Dallas was the manager of the plaintiff company and took the note sued on in lieu of the cash price stated in the act of sale. Plaintiff objected on the ground of variance between the purchase from the company as alleged in the answer and the purchase from Dallas as shown by the document offered. The objection was overruled, and the plaintiff excepted.

We think that the ruling was correct under the pleadings and facts of this particular case. As plaintiff is suing on a note which shows on its face that it was given by defendant to the company "in payment for tug Zip," the sale as alleged in the answer cannot be disputed. The evidence offered merely tended to show that plaintiff made the sale through Dallas, the manager of the company, and that the note sued on was taken as cash.

On the evidence before us it cannot be disputed that the timbers of the hull were rotten and that this defect was concealed by both the cement and the flooring. The engine also proved practically worthless. The boat was represented by Dallas as having been rebuilt in 1900, and the license so reads.

The vessel leaked badly and nearly sank on her first voyage. She proved unfit for use without a new engine and extensive repairs. Defendant, without notice to Dallas or the company, commenced the work of repair in January, 1906. On March 17, 1906, the defendant wrote Dallas a lengthy letter, stating the defects he had discovered in the vessel, and winding up with the declaration that he preferred to keep the boat and asked for a reduction of the price, which he suggested

should be "upwards of $500." Dallas replied, in effect, that he sold the vessel as it was without warranty, and that the defendant knew the condition of the boat and could not plead ignorance.

On March 22, 1906, Dallas, having been advised that the defendant was absent from home, wrote to his bookkeeper, requesting that everything be left intact, "so that when he (defendant) returns, if he is not satisfied with what he purchased, he can return everything to me and cancel the sale." There was no further correspondence. Dallas was not called as a witness on the trial of the suit, and consequently the testimony of the defendant stands uncontradicted as to the representations made at the time of the sale. There is in all sales an implied warranty against rehibitory vices and defects. Civ. Code, art. 2476.

The defendant in this case claims $1,000 in diminution or reduction of the price. Civ. Code, art. 2541. His additional claim of $1,000 for repairs is excluded by the first demand. The standard of the responsibility of the vendor for hidden vices or defects is the difference in value of the date of the sale between a sound and unsound article. Foster v. Baer, 7 La. Ann. 613. The question is, what was the real value of the tug at the time of the sale, considering the defects which then existed in her hull and machinery? The defendant estimated the value of the boat as a whole at not more than $800. We find, however, that the same witness estimated the machinery and other things, exclusive of the hull, at $850. The hull was worth something, as it was repaired and utilized. The defendant testified that it cost him about $900 to rebuild the hull and to repair and replace the machinery, and that he lost about $500 by reason of his inability to use the boat for four or five months. Defendant, by fixing in his pleadings the diminution of the price at $1,000, is estopped to claim a larger amount. Having elected to keep the boat, the repairs were made on his own account. He is entitled to recover a reduction of the price and nothing more. We do not know on what theory the defendant was allowed $1,200 in reconvention.

The judgment is amended, so as to reduce the reconventional demand to $1,000 and to increase the judgment in favor of plaintiff to $1,000, and, as thus amended, is affirmed; defendant to pay costs of appeal.