58 So.2d 833

**WILFAMCO, Inc. v. INTERSTATE ELECTRIC CO.**

No. 40158.

March 24, 1952.

Rehearing Denied April 28, 1952.

Deutsch, Kerrigan & Stiles and Robert E. Leake, Jr., all of New Orleans, for appellant.

Lemle & Kelleher, New Orleans, for appellee.

HAWTHORNE, Justice.

Defendant, Interstate Electric Company, on April 10, 1947, sold to plaintiff, Wilfamco, Inc., an office building situated in the City of New Orleans, known as the Stern Building, for the sum of $379,700. On April 23, 1948, more than one year after the date of the sale, plaintiff instituted this suit for a reduction of $12,138.16 in the price paid for the building, alleging that this amount was the cost paid by it to correct defects in the electrical system of the building. Plaintiff alleged that these defects were latent or non-apparent; that the seller, Interstate Electric Company,

had full knowledge of them but neglected and failed to point them out to the plaintiff; that these defects rendered the building useless and altogether unsuitable for the purpose for which it was purchased, that is, for use as an office building; that, had petitioner known of the defects, it would not have paid the full purchase price but would have taken into consideration the cost of correcting such defects and would have deducted from the purchase price the cost necessary for making these repairs; that the plaintiff is entitled to a reduction of the purchase price, under the provisions of Article 2541 of the Civil Code.

Defendant answered, denying the material allegations of plaintiff's petition, and also filed a plea of prescription of one year. The lower court overruled the plea of prescription but dismissed plaintiff's suit as of non-suit because it had not proved its claim with legal certainty. From this judgment plaintiff appealed. The defendant answered the appeal, praying that the plea of prescription of one year be sustained and in the alternative that the suit be dismissed absolutely on its merits instead of as of non-suit.

■■ The action quanti minoris or for reduction in the price is proper when the thing sold is so defective that it is useless and altogether unsuitable for its purpose or when the defect is such as to diminish its value. Articles 2520 and 2541, Civil Code. Under the jurisprudence of this

state, the cost of repairs necessary to make the thing whole is the proper measure for reducing the price. De Armas v. Gray, 10 La. 575; Tuminello v. Mawby, La.Sup., 57 So.2d 666; Morehouse Ice Co., Inc., v. Tooke & Reynolds, La.App., 154 So. 402.

Under Article 2521 of the Civil Code, apparent defects, that is, those such as the buyer might have discovered by simple inspection, are not among the number of redhibitory vices.

■ The redhibitory action must be instituted within a year commencing from the date of the sale. This limitation, however, does not apply where the seller had knowledge of the vice and neglected to declare it to the purchaser. Article 2534, Civil Code. In case the seller knows of the vice in the thing he sells and omits to declare it, the action for redhibition may be commenced at any time provided a year has not elapsed since the discovery of the vice by the purchaser, and this discovery is not presumed but must be proved by the seller. Articles 2545 and 2546, Civil Code.

Plaintiff instituted the present suit more than one year after the date of the sale, and is barred by the prescription of one year except for such vices or defects as the seller knew and failed and neglected to declare.

■ In order to establish that the seller had knowledge of defects in the electrical system which he neglected and failed to

declare to the purchaser, plaintiff-appellant relies on a letter addressed to the seller, Interstate Electric Company, by the Department of Electrical Inspection of the City of New Orleans, written approximately eight months prior to the sale. Appellant had no knowledge of this letter before the purchase of the building, nor was it called to its attention by the vendor. In this letter the Department of Electrical Inspection of the city informed the Interstate Electric Company that, following an inspection made by it, numerous dangerous defects were found to exist in the electrical system of the building, and that their correction would remove the probability of a fire or dangerous electric shock. The defects mentioned in the letter were specified and listed as 42 items. The lower court properly overruled defendant's plea of prescription of one year, since the seller had full knowledge of the defects listed in the letter and has not shown that the buyer discovered such vices or defects more than a year prior to the filing of the suit in the instant case, as provided in Articles 2545 and 2546 of the Civil Code.

We now come to the merits of plaintiff's case. The substance of the 42 items listed was that some of the electrical apparatus was uncovered and exposed, or improperly and unsafely connected, or lacked proper support, or was improperly secured; that some of the outlets and switches had been improperly used and had deteriorated so that new installations were necessary; that some of the apparatus was improperly installed so that it did not meet the requirements of the National Electrical Code; that some of the material used was sub-standard; that the circuits had been improperly extended, necessitating more outlets, and that some of the fuses were too heavy and the circuits overloaded. Examples of some of the defects listed in the 42 items are these: (1) Cover missing from snap switch; (4) cover missing from boxes; (15) Bell transformer not properly installed; (9) outlet boxes not flush with finished surface; (26) some fluorescent fixtures not properly installed; (10) extension cords in bad repair; (5) circuits extended from key sockets. The most serious of these defects were listed as Items 34, 35, and 40, the substance of which was that the circuits were overloaded, that the fuses were too heavy, and that the main and sub-feeder circuits showed evidence of overheating.

The contractor who did the electrical work for the plaintiff testified that the total cost of remedying the defects in the electrical system of the building was $12,138.16, the amount sued for, and that of this amount from $9,000 to $11,000 was the necessary expenditure to correct the defects listed in Items 34, 35, and 40, the overloaded circuits; that for the purpose of correcting these defects material changes were made in the existing electrical wiring system of the building, in that the building was practically rewired with wire of a larger size.

The evidence adduced in this case shows that the overloading of the existing circuits in the building was caused by the use of multiple extensions and overloading of the outlets of the existing electrical system by the Maritime Commission, a tenant of the vendor, so that it could use many electrical devices and machines. The electrical contractor admitted that the hazard of overloaded circuits could have been corrected by removing and withdrawing the electrical devices or machines that caused such overloading.

The plaintiff does not contend that the building was originally equipped with an electrical system of insufficient size and installed in such a manner as to be inadequate for the operation of the building as an office building, nor does the evidence establish to our satisfaction that the electrical wiring system existing in the building at the time of the sale had deteriorated or was in such a condition that the building could not be operated as an office building without rewiring it as was done in the instant case.

We conclude, therefore, that the overloading of the circuits complained of in these three items was not a defect in the electrical system in the sense of a redhibitory vice contemplated by the codal provisions, but was actually only a hazard created by the use of excessive equipment in the existing system. That hazard could have been removed by withdrawing the excess appliances. Under these circumstances the cost of rewiring, estimated from $9,000 to $11,000, should not be chargeable to the defendant as a reduction in the price for redhibitory defects in the thing sold.

As to the other items which were listed in the letter as defects, and of which the defendant had knowledge, the proof is entirely insufficient to award a judgment. It is impossible for us to determine with reasonable certainty the cost necessary to correct the defects listed in these other items. Furthermore, we are not able to ascertain from the record which of these defects were non-apparent or latent, and as to these items we have concluded to dismiss plaintiff's suit as of non-suit as not having been proved with legal certainty.

For the reasons assigned, the judgment appealed from is amended so as to dismiss plaintiff's suit with prejudice for the cost of remedying the condition described as "circuits overloaded"; in all other respects the judgment is affirmed; plaintiff-appellant to pay all costs.