LE BLANC, Justice.
 

 The plaintiff partnership composed of O. O. Latimer, Sr. and O. O. Latimer, Jr., instituted this suit on an unsecured promissory note executed by S. J. Davies, the defendant herein.
 

 The note is dated December 3, 1948, and is made payable to the order of Rapides Lumber Company on or before six months after date. It is for the principal sum of $1,850 and bears interest at 6% per annum from date and provides for 10% additional as attorney’s fees in the event of suit.
 

 The usual, formal allegation is made that plaintiff is the holder and owner of the note for a valuable consideration and that it is past due and unpaid. Judgment is prayed for in the full amount of the principal, interest and attorney’s fees.
 

 Defendant answered admitting the execution of the note but denied that any vaL uable consideration flowed from its issuance for reasons which are set out in considerable detail. He alleges that the note was given as a result of certain negotiations between himself and one of the members of plaintiff’s partnership leading up to the purchase of a dwelling house and garage located on a lot in Bloch’s Horse Shoe Drive Subdivision which is situated near the City of Alexandria in Rapides Parish. The purchase price of the property was $11,500 of which the down or cash payment was to be $2,300, representing which he executed two notes, one of them being the note sued on. The balance of $9,200 was to be paid in cash upon procurement of a F.H:A. endorsed loan. This
 
 *1104
 
 loan was effected on January 29, 1949 and proper deed to the property was thereafter executed.
 

 Defendant then alleges that plaintiff, in making the sale, represented to him that the house was a first-class residence, properly constructed with the use of proper materials and with proper workmanship and that by reason of such representation he was induced to buy it as he desired to use it as a home for himself, his wife and family.
 

 He then avers that in March, 1949, after having occupied the house for about sixty days it began to show signs of serious deterioration out of proportion to usual and normal wear and tear. After setting out at some length the defects he complained of he avers that they were latent or hidden and could not be observed by inspection and since they are of such character as to render the thing sold absolutely useless or its use so inconvenient and imperfect that he would not have purchased the house had he known of the vices, he is entitled to have the sale of the property avoided and set aside, the note sued on cancelled and the remainder of the purchase price, that is the sum of $9,650 returned to him, with interest.
 

 Defendant then assumes the position of a plaintiff in reconvention and alleges that for the reasons previously stated regarding the defects in the house which make it totally unfit for the purpose for which it was sold, all of which he reiterates, plaintiff partnership and the individual members thereof are indebted to him in the sum of $9,650. In the alternative he avers that in the event he is not entitled to a rescission of the sale or a refund of the purchase price, he is entitled to a judgment reducing the purchase price by the sum of $8,500, “that being the amount required to demolish the said house and rebuild the same with proper workmanship and material and structural, design, * * He prays for judgment in accordance with the pleas made in his answer.
 

 After trial in the district court there was judgment rejecting the plaintiff’s demand and ordering that the note sued on be' cancelled and further that the demands of the defendant be rejected except as to the sum of $1,850, which amount the trial judge stated in his reasons for judgment “represents the amount the court thinks would justify the plaintiff in reconvention to expend in correcting the vices and defects complained of”.
 

 From the judgment rendered plaintiff has taken this appeal.
 

 After the appeal had been lodged in this court defendant sold the property involved in the suit. This is made to appear by a certified copy of the act of sale filed in the record by counsel for plaintiff, on the basis of which he contends that this court cannot grant defendant the relief he has prayed for. Defendant does not deny that he has sold the property.
 

 
 *1106
 
 As the rule set forth in Arts. 894 and 895 of the Code of Practice to the effect that this court cannot receive nor consider as evidence documents that were not introduced in the court 'below has been relaxed where facts occurring subsequent.. to the appeal are not denied, see Wilson v. Wilson, 205 La. 196, 17 So.2d 249, we deem it proper to consider the document filed in this record and construe its effect on the decision that it is to be reached.
 

 Indeed, counsel for defendant seems to have anticipated what the effect would be for in his brief he states: “Inasmuch as the defendant, Davies, has disposed of the property since the trial in the lower court, that portion of his demand which seeks a rescission of the contract is abandoned, and the defendant, as plaintiff in reconvention, before this court, now .seeks to have the judgment of the lower court affirmed.”
 

 A situation similar to the one here presented arose in the case of Ehrlich v. Roby Motors Co., 166 La. 557, 558, 117 So. 590, 591, a suit for the rescission of the sale of an automobile, and this is what the court held: “Since it is conceded that the car has been sold, the action to rescind the sale necessarily fails, for plaintiffs are no longer in position to return the car to defendant, should the sale be rescinded. Where one has parted with the thing which he purchased, he cannot maintain an action to rescind the sale by which he acquired it. However, it remains to be decided what effect the sale, under the circumstances, had on the action for a reduction of the price.”
 

 In that case there was no prayer for a reduction of the price, but merely for the rescission of the sale and the recovery of the price paid. However, the court held that the action for the reduction of the price is included in the redhibitory action for the reason that under Art. 2543 of the LSA-Civil Code, in the redhibitory suit, “the judge may decree merely a reduction of the price” and plaintiff’s right to a reduction was entertained.
 

 The court went on to state “While * * a sale of the thing purchased defeats the action to rescind, based upon redhibitory defects in the thing, yet the sale does not defeat the right to have the price reduced upon the ground that such defects existed at the time of the purchase, for, in the exercise of the latter right, the return of the thing is not contemplated, but the vendee may retain it or dispose of it as he sees fit.”
 

 In the case presently before the Court, the defendant, by virtue of his reconventional demand, has become the plaintiff in a redhibitory action and conceding arguendo that his pleadings insofar as they relate to a demand for a reduction in price are not properly drawn inasmuch as the amount he demands as a reduction is stated to be what is “required to demolish said house and rebuild the same with proper workmanship and materials and structural design”, he nevertheless is entitled to have
 
 *1108
 
 his right to a reduction considered, since under the ruling in the Ehrlich -case, supra, his redhibitory action included the action for reduction of the price even in the absence of a demand or prayer for same.
 

 On the trial of the case on the demand for redhibition the issue was raised as to whether or not the defects complained of were latent or apparent because the plaintiff, defendant in reconvention, contended that they were apparent and as such were not redhibitory vices. In this connection Art. 2521 of the LSA-Civil Code provides as follows: “Apparent defects, that is, such as the buyer might have discovered by simple inspection, are not among the number of redhibitory vices”, and since by the terms of Art. 2544 of the LSA-Civil Code, “The action for a reduction of price is subject to the same rules and to the same limitations as the redhibitory action” it follows that if the defects complained of by the defendant, plaintiff in reconvention, were apparent, that is, such as he “might have discovered by simple inspection,” he cannot recover.
 

 We agree with the holding of the trial judge that there are many defects and vices in both the construction of, and the material in the construction of the house. On the point as' to whether they were apparent or not, we are of the opinión that the preponderence of the testimony is to the effect that they were not. The (trial judge carefully reviewed the testimony of all the witnesses and we particularly noted his correct summary of that of Herman Duncan, Sr., an architect of many years experience who stated that the home was improperly designed in that all the .weight carrying foundations, all of which he refers to in his testimony, are not of sufficient strength to carry their respective loads. This is what caused the house to settle in an uneven manner, affecting the floors, walls, roof, partitions and doors. The testimony of several other witnesses leaves the court with the definite impression that the defects, most of which appeared after defendant had purchased the house, resulted from very much the same causes as pointed out by the witness Duncan and therefore were not such apparent . defects as are contemplated under Art. 2521 of the LSA-Civil Code which are not among the number of redhibitory vices. They were not discoverable by
 
 simple
 
 inspection. Perhaps an architect or a building contractor might have detected them but not, in our opinion, the average layman who is interested in buying a house.
 

 We conclude therefore that the defendant, plaintiff in reconvention, is entitled to recover on a reduction of the purchase price of the house but not in the amount of $1,850 as allowed by the trial judge because there is no evidence in the record to support such an award. In the case of Ehrlich v. Roby Motors Co., Inc., supra, this point was also considered and
 
 *1110
 
 this is what the court had to say: “In order to entitle one to a diminution of the. price, he must not only show that the defect complained of existed at the time of the sale, but he must also show with reasonable certainty facts disclosing the amount of the reduction to which he is entitled. Lowe and Pattison v. Nelson, Bradley & Co., 7 La.Ann. 646; Bonzano v. Auze, 10 La.Ann. 188.”
 

 In the interest of justice we have decided that the case should be remanded to the district court for the purpose of having such facts adduced to the end that proper judgment may be rendered between the parties.
 

 It is therefore ordered that the judgment appealed from be avoided, reversed and set aside and further it is ordered that the case be remanded to the district court for further trial and proceeding in accordance with the views herein expressed.