AYRES, Judge.
The defendant, under date of May 12, 1954, issued two policies to plaintiff. The first of these is designated as a "Preferred Family Group Hospital Policy” and provides insurance against loss occasioned by reason of hospital and surgical expense, due to injuries or to sickness, actually incurred by the insured or the eligible members of his family named in the application. The other policy is designated “Bankers Four Star Policy” and affords insurance to plaintiff as the insured against loss of life, limb, sight or time,. resulting directly and independently of all other causes, from injuries, and ¿gainst- loss of time by sickness.
. Plaintiff Has. instituted this action against the defendant on said policies to recover, on''the first, the hospital and surgical expenses incurred and, on the second, for loss of time occasioned by and resulting from accidental injuries received by him July 9, 1954, while employed as a structural steel worker by the International Paper Company at its mill at Springhill, Louisiana.
Alleging facts showing that defendant’s acts, in refusing to pay the benefits as provided in said policies, were arbitrary, capricious and without probable cause, plaintiff additionally demanded and prayed for judgment for the penalties and reasonable attorney’s fees as provided by law in such cases.
Therefore, the amount and extent of plaintiff’s claim, which was the amount in dispute at the time the case was submitted to the trial court, may be itémized as follows : ' ■
(1) Hospital and surgical-expense under the Preferred Family Group Hospital Policy . $ 312.00
(2) 12 percent of the above amount as provided by LSA-R.S. 22:658, as amended .. 37.44
*594 (3) Indemnity for loss of time under Bankers Four Star Policy, 8 months at $200.00 per month. 1600.00
(4) 100 percent of the above amount as penalties as provided by LSA-R.S. 22:657 . 1600.00
Total $3549.44
Plaintiff also made demands for and prayed that he be awarded reasonable attorney’s fees under the aforesaid statutes as may be determined by the court.
The Supreme Court was held to have jurisdiction of the appeal in Madison v. Prudential Insurance Co. of America, 190 La. 103, 181 So-. 871, wherein there was judgment in the trial court in plaintiff’s favor, in accordance with his petition and prayer, as follows:
For past due disability payments . $ 850.00
Statutory penalties. 850.00
Attorney’s fees . 300.00
Return of premium erroneously paid . 89.40
Total . $2089.40
It was there held that the Supreme Court had jurisdiction of the appeal in a suit for disability benefits under a life policy where amount allegedly due under plaintiff’s claim for disability payments, penalties, attorney’s fees and for return of sum erroneously paid for premiums was in excess of $2,000.
In Bayou Rapides Lumber Co. v. Davies, La.App., 53 So.2d 167, plaintiff sued defendant to recover a principal sum of $1,-850 upon a note, together with 10 percent of principal and interest as attorney’s fees. Amounts claimed as attorney’s fees are included in fixing the jurisdictional amount as a basis for an appeal. The appeal there was transferred by this court to the Supreme Court. 221 La. 1099, 61 So.2d 885.
From a judgment in his favor for $225 on the first policy and $900 on the second and rejecting his demands for penalties and attorney’s fees, plaintiff appealed to this court. In answer to the appeal defendant has prayed that plaintiff’s demands be rejected in to to.
From our review and appreciation of the record, we are convinced there is such a real and substantial basis for plaintiff’s claim for penalties and attorney’s fees as justify their inclusion in a consideration of the question of appellate jurisdiction. Therefore, the amount in dispute at the time the matter was submitted to the trial- court exceeds the limitation of the jurisdiction of this court. Appellate jurisdiction in civil suits of this nature, where the amount in dispute exceeds $2,000, exclusive of interest, is vested in the Supreme Court of Louisiana by Art. 7, § 10 of the Constitution of Louisiana of 1921, LSA. Therefore, under the provisions of LSA-R.S. 13 :- 4441-13:4442, it is the duty of this court to transfer the appeal to the Supreme Court.
It is, therefore, ordered that this appeal be transferred to the Supreme Court of the State of Louisiana within 60 days from the finality of this decree; otherwise, the appeal will stand dismissed.
Cost of the appeal in this court is to be paid by the appellant; all other costs are to await final disposition of the case.
Transferred to Supreme Court.