HAMITER, Justice.
 

 On July 25, 1955 Harrell P. Lemonier purchased from the United Mortgage Corporation, for a recited consideration of $15,-000 which was payable $3,000 in cash and the balance on terms of credit, Lot No. 25, Square 14, of the Pines Village Subdivision in the City of New Orleans, together with a house and other improvements situated thereon. The transaction was consummated by a sale and resale through a homestead association with financing by the Veterans Administration. At the time of such purchase United Mort-age Corporation warranted in writing to plaintiff that “The dwelling located on the property * * * is constructed in substantial conformity with the plans and specifications * * * on which the Administrator of Veterans’ Affairs based his valuation of the dwelling * * One of such specifications was that the house would be built on a concrete slab foundation with the top thereof being twelve inches above grade.
 

 
 *763
 
 On July 24, 1956 Lemonier instituted this suit against United Mortgage Corporation and its president, Malcolm A. Coco, he alleging the existence of certain defects in the construction of the mentioned dwelling and seeking to recover therefor the sum of $15,000. Thereafter, in a supplemental petition plaintiff prayed for a solidary judgment against those defendants for $14,000 or, alternatively, "in the amount which is the difference between the market value of the constructed house in its existing condition and the market value of the constructed house were it free entirely from and all defects.”
 

 During the course of the trial the defendants tendered to plaintiff “the sum of $16,000 cash for the house, as is, with all of the alleged defects, and everything just as is.” The tender was refused.
 

 Following the trial the district judge found that the top of the concrete slab foundation, on which the house rested, was not twelve inches above grade as required by the plans and specifications and as warranted by the vendor; and that this construction defect resulted in the flooding of the residence during heavy rainfalls. Further, he concluded that it would
 
 cost
 
 $4,500 to remedy the defect. Accordingly, judgment was rendered in favor of plaintiff and against United Mortgage Corporation for the mentioned amount. The demand against Malcolm A. Coco was rejected.
 

 United Mortgage Corporation obtained this appeal and plaintiff answered it, he praying that the award be increased to $6,649.
 

 The record amply sustains the finding of the trial judge that the concrete slab foundation of the purchased dwelling was improperly constructed. And since the defect was serious and not discoverable by simple inspection we are of the opinion that it, as contemplated by the provisions of Revised Civil Code Article 2520 et sequentia, gave rise to an action for the avoidance of the sale or for a reduction of the purchase price.
 

 Notwithstanding that plaintiff alleged that “the defects existing in the said construction work can only be corrected by tearing down the existing, construction and reconstructing at an estimated cost of fourteen thousand dollars” he has not asked for a rescission.of the sale. In fact, as we have shown, he refused appellant’s offer to provide such relief. The demand here is solely one in quanti minoris under Revised Civil Code Article 2541.
 

 In a successful action for a reduction of .the .purchase price the amount to be awarded is the difference, at the. time of the sale, between the value of the. thing sold in its defective condition and its value as. warranted. Iberia Cypress Co., Limited v. Von Schoeler, 121 La. 72, 46 So. 105.
 
 *765
 
 However, with respect to the sale of realty, unless there has been an immediate resale, the difference is not readily and easily ascertainable. As a consequence this court has declared that in such a case the allowable diminution is “the amount necessary to convert the unsound structure into a sound one” (McEachern v. Plauche Lumber & Construction Co., Inc., 220 La. 696, 57 So.2d 405, 408) or, as otherwise expressed, “the cost of repairs necessary to make the thing whole” (Wilfamco, Inc. v. Interstate Electric Co., 221 La. 142, 58 So.2d 833, 834).
 

 While we have concluded that the house involved here was seriously.defective, thus apparently entitling plaintiff to some reduction in the purchase price, the evidence adduced is unsatisfactory and insufficient for determining the proper award to be made. Even the written reasons for judgment assigned by the trial judge supports this conclusion, for therein he says: “Two experts testified that it would cost $6600 and $5500 respectively, but both their estimates seem to be more or less a hit and miss proposition. There were too many additions for contingencies that might or might not arise; on the other hand there is no contrary estimates given by contractors as to what it would cost. From all of the evidence, I think a fair allowance to be $4500.”
 

 The estimates furnished by plaintiff’s witnesses (to whom the trial judge referred) respecting the cost of making the necessary repairs, as we appreciate their testimony, were not grounded on sound reasoning — they were nothing more than mere guesses. For example, neither witness could give the room dimensions of the house nor provide a breakdown on the cost of labor and materials.
 

 In a quanti minoris action the purchaser entitled to a reduction in the price must prove with reasonable certainty the amount of the diminution in value; and when such amount has not been satisfactorily established this court, in the interest of justice and in order that a proper judgment may be rendered between the parties, will remand the cause to the district court for the introduction of additional evidence. Bayou Rapides Lumber Co. v. Davies, 221 La. 1099, 61 So.2d 885; Code of Practice Article 906.
 

 Incidentally, it may be observed that appellant’s attorney has filed in this court a motion to remand in which he shows (and seeks the opportunity to prove) that some three months after this appeal was perfected the plaintiff sold the property in question to a third person for the sum of $15,200 (or $200 more than the original purchase price) and. that his vendee took title with full knowledge of its defective condition. And therein, based on such showing, counsel contends that “for this Court to hear this appeal without having before it the evi
 
 *767
 
 dence sought to be introduced on the remand of this cause would possibly serve to permit plaintiff, Lemonier, to unjustly enrich himself.”
 

 It is well settled that a resale of the defective object does not destroy an action for a reduction of the price. Bayou Rapides Lumber Co. v. Davies, supra; George v. Shreveport Cotton Oil Co., 114 La. 498, 38 So. 432, and Ehrlich v. Roby Motor Co., Inc., 166 La.
 
 557, 177 So.
 
 590. However, proof of such resale would seem to be relevant and material in passing upon the issue of quantum. Accordingly, In the instant case, since it is being remanded because of the unsatisfactory evidence respecting that issue (we need not and do not pass upon the mentioned motion filed in this court) evidence of the price for which the property in question was resold on the open market should be received and taken into consideration by the trial court on the remand. Of course, the price paid in the subsequent sale must be considered along with other factors (to be shown on the remand) which may have caused a change in the property’s worth — such as added improvements, a general enhancement of values in the area, depreciation due to use, etc.
 

 For the reasons assigned the judgment appealed from is reversed and set aside and the cause is remanded to the district court for further proceedings according to law and consistent with the views herein expressed. Costs of this appeal shall be paid by plaintiff. The assessment of other costs shall await the final determination of the litigation.