LUTHER E. HALL, Judge pro tem.
This is the second appeal in this matter. The first appeal was heard by the Supreme Court and resulted in a remand to the trial court for the introduction of further evi *415 dence. See 237 La. 760, 112 So.2d.436, 438.
After hearing the additional evidence on remand, the trial court rendered judgment in favor of the plaintiff and against the defendant, United Mortgage Company, for $2,690, with legal interest from August 26, 1957, until paid and all taxable costs, and dismissed plaintiff’s suit as to the codefend-ant, Malcolm A. Coco.
The defendant, United Mortgage Company, prosecutes this appeal from that judgment. The codefendant, Malcolm A. Coco, is no longer involved in this controversy, and reference hereafter to the “defendant” means United Mortgage Company.
Plaintiff-appellee answered this appeal and prayed that the judgment of the trial court be amended by increasing the judgment to $3,000 so as to include damages for frivolous appeal. He also prayed that interest be calculated from date of judicial demand (July 24, 1956), and that defendant be cast for costs in both courts. He prayed (but in the alternative) that- the judgment be increased to $4,621.25.
Plaintiff’s suit is a quanti minoris action under the provisions of LSA-Civil Code Article 2541 for a reduction in the price of a house purchased by him from defendant.
On the original trial of this matter judgment was rendered in favor of plaintiff against defendant in the amount of $4,500. Defendant appealed to the Supreme Court, and while that appeal was pending plaintiff sold the defective house for $200 more than the original purchase price. Defendant then moved, in the Supreme Court, that the matter be remanded for the introduction of proof of that sale, defendant contending that for the court to hear the appeal without having this evidence before it might possibly serve to permit plaintiff to unjustly enrich himself.
Although the Supreme Court declined to pass on this motion and remanded because it found the other evidence on quantum unsatisfactory, it indicated that proof of this resale by the plaintiff would be material and relevant in passing, upon the issue of quantum. All other matters at issue between the parties having been decided by the Supreme Court, the sole issue before the District Court on remand was the amount which should be awarded plaintiff, and that is the sole issue on this appeal.
In the course of its opinion on the original appeal the Supreme Court observed :
“In a successful action for a reduction of the purchase price the amount to be awarded is the difference, at the time of the sale, between the value of the thing sold in its defective condition and its value as warranted. Iberia Cypress Co. Limited v. Von Schoeler, 121 La. 72, 46 So. 105. However, with respect to the sale of realty, unless there has been an immediate resale, the difference is not readily and easily ascertainable. As a consequence this court has declared that in such a case the allowable diminution is ‘the amount necessary to convert the unsound structure into a sound one’ (McEachern v. Plauche Lumber & Construction Co., Inc., 220 La. 696, 57 So.2d 405, 408) or, as otherwise expressed, ‘the cost of repairs necessary to make the thing whole’ (Wilfamco, Inc. v. Interstate Electric Co., 221 La. 142, 58 So.2d 833, 834).

“It is well settled that a resale of the defective object does not destroy an action for a reduction of the price. Bayou Rapides Lumber Co., v. Davies (221 La. 1099, 61 So.2d 885); George v. Shreveport Cotton Oil Co., 114 La. 498, 38 So. 432, and Ehrlich v. Roby Motor Co., Inc., 166 La. 557, 177 So. 590. However, proof of such resale would seem to be relevant and material in passing upon the issue of quantum. Accordingly, in the instant case, since it is being remanded because of the *416 unsatisfactory evidence respecting that issue (we need not and do not pass upon the mentioned motion filed in this court) evidence of the price for which' the property in question was resold on the open market should be received and taken into consideration by tire trial court on the remand. Of course, the price paid in the subsequent sale must be considered along with other factors (to be shown on the remand) which may have caused a change in the property’s worth — such as added inprove-ments, a general enhancement of values in the area, depreciation due to use, etc.”
From the above quotation from the Supreme Court’s opinion it is clear that the primary measure of quantum in this case “is the difference, at the time of the sale, between the value of the thing sold in its defective condition and its value as warranted”. It is true that a sale of realty is involved in this matter but we have here the unique circumstance that the house in question was one of seven houses constructed at the same time on the same street in the same city block, by the same contractor according to identical plans and specifications. All of these identical properties were sold by the builder to various purchasers at approximately the same time and at the same price except for a variation of a hundred dollars or so resulting from differences in the floor finishes. Plaintiff paid $15,000 for his house.
The situation here is also unique in that five of the original purchasers, including the plaintiff, resold their properties, the sales taking place within a few months of each other. Plaintiff’s house was resold “as is” with a full recitation in the deed of its defective character. The other resales were made with all legal warranties.
We are therefore in the unusual position of having before us resales of identical properties which clearly establish the difference between the value of the plaintiff’s house sold “as is” with its defects and (by comparison with the other resales) what it would have brought in good condition — in other words, the difference between the value of an unsound structure and a sound one. While it is true that this difference is shown as of the time of the resales in 1957, nothing had occurred to any of the properties which would negative the conclusion that the same difference in value existed at the time of the original purchase by plaintiff and the others in 1955. We are of the opinion that the difference in value in 1957 is attributable solely to the defects which existed in plaintiff’s house in 1955, and we think the conclusion is inescapable that plaintiff’s house was actually worth in 1955, in its defective condition, an equal amount less than he had to pay for it in a warranted and presumably sound condition.
The record shows that plaintiff resold his property on August 26,- 1957, for $15,-200. The four other resales mentioned above occurred between January and June 1957. These four houses brought an average price of $17,000 and the latest of those sales (that nearest to plaintiff’s sale .in August) was for $17,300, that is, $2,100 more than the plaintiff’s sale brought.
The District Court concluded that plaintiff had suffered a basic loss in market value of at least $2,000, to which it added $690 for costs and improvements made by plaintiff on his property in accordance with the Supreme Court’s instructions.
The sole basis for defendant’s appeal to this Court is that during the original trial in the District Court plaintiff rejected an offer of $16,000 cash made by defendant in open court for the property “as is”, yet plaintiff sold the house about three months later for $15,200 and had to pay a 5% agent’s commission. Defendant argues that “plaintiff should have been required to minimize the damages, rather than sell the property to some outsider for almost $1,-700.00 less (net after commission) than he could have obtained from defendant.”
*417 The record shows that defendant in his answer offered to rescind the sale and return the purchase price. When the $16,-000 offer was made during the trial it is clear that it was the same offer to rescind the sale except that the defendant was then willing to pay an extra $1,000 in addition to refunding the price. Defendant’s only interest in making the offer to rescind was to extinguish plaintiff’s right of action for a reduction in price. Plaintiff had a perfect legal right to refuse to rescind since the applicable codal articles (LSA-Civil Code Articles 2520 et seq., and particularly Article 2541) give plaintiff the option of bringing the rehibitory action to rescind the sale or the action quanti minoris to reduce the price, and if he chooses the latter he cannot be compelled by defendant to rescind the sale. Any other conclusion would destroy the option the law gives the plaintiff.
Defendant’s offer during the trial was merely an offer to rescind and not an offer to purchase.
After the trial plaintiff, finding himself with a judgment in his favor for $4,500 suspended by an appeal which would consume many months, and being flooded out of his house during every rain, decided to put his house up for sale.
If it were shown that plaintiff had refused an offer to purchase his house at a greater price than he actually obtained at the resale he would not be permitted to thus inflate his damages. But this showing has not been made; on the contrary it is shown that the resale of plaintiff’s house was made on the open market and defendant made no attempt to purchase it. It is also shown that the resale was made for the highest price offered and was bona fide in all respects.
Defendant also contends that the rental value of the house for the period it was occupied should be considered in reduction of the damages awarded plaintiff. According to this theory if the defect diminished the value of the house by only $100 and the rental value was $100 per month, the purchaser of the defective house would lose his action for reduction of the price after one month. The mere statement of this proposition demonstrates that it has no merit. The rent or the use of the house after its sale belongs to the purchaser as its owner, just as the interest received after the sale on the purchase price belongs to the vendor.
 We do not believe that this appeal calls for the imposition of damages for frivolous appeal. However, we are of the opinion that interest on the judgment should have been awarded plaintiff from date of judicial demand as prayed, and the judgment of the District Court is amended to that extent and as thus amended and in all other respects it is affirmed.
Amended and affirmed.