395 So.2d 353 (1980)
George Leon LEMOINE, Jr. et al.
v.
Kermit L. HEBERT et al.
No. 13853.
Court of Appeal of Louisiana, First Circuit.
December 15, 1980.
James J. Zito, Baton Rouge, counsel for plaintiffs-appellees, George Leon Lemoine, Jr., and Janis L. Lemoine.
E. Clark Gaudin, Baton Rouge, counsel for defendant-appellant, Kermit L. Hebert.
Henry H. Lemoine, Jr., Pineville, counsel for defendant-appellant, Patricia H. Hebert (Vallery).
Robert R. Rainer, Baton Rouge, counsel for third party defendant-appellee, L. S. Bridges d/b/a Bridges Pest Control.
Before LOTTINGER, EDWARDS and PONDER, JJ.
PONDER, Judge.
Defendant appealed from a judgment reducing the purchase price of a home and awarding attorney fees.
The issues are: the existence of a latent defect in the home, quantum and attorney fees.
We affirm.
Several years after building the house defendants made significant alterations. They removed the rear wall of the house and poured a new slab abutting the original *354 slab, without an expansion joint. Shortly thereafter, the new slab began to settle, causing a crack between the original slab and the addition, which was subsequently covered by carpeting and tile. Defendants resided in the home several years. After plaintiffs moved into the house, a series of defects became evident. Plaintiffs repaired the air conditioner, plumbing, a leak in the roof and replaced the oven. After plaintiffs decided to sell the house and listed it with a realtor, they discovered a serious termite infestation. An investigation of the costs of tearing out the wall to treat the termites revealed the structural defect in the home. Plaintiffs then noticed widening cracks throughout the house, particularly in the living room and master bedroom, where the walls were separating from the ceiling. They also found the outer walls cracking in front and back. They took the home off the market and brought suit against defendants for a reduction of the purchase price and for attorney fees. The trial court found the structural damage was a defect sufficient to warrant a reduction in price. He awarded plaintiffs $8,000.00 to repair and attorney fees of $1,200.00.
To recover in an action in quanti minoris, a party must prove a latent defect, its existence at the time of sale, and the extent of reduction. LSA-C.C. Arts. 2520, 2521, 2530, 2541 and 2544.[1] Defendants argue the defect is not latent because it occurred ten years prior to plaintiff's purchase. Defendant has misconstrued the requirements for an action in redhibition or quanti minoris. A latent defect is one which cannot be discovered by simple inspection. LSA-C.C. Art. 2521; Bermes v. Facell, 328 So.2d 722 (La.App. 1st Cir. 1976).
Plaintiffs visited the home on several occasions prior to purchase but did not notice any evidence of major structural damage. The trial judge visited the home as well, and was unable to observe obvious signs of structural damage. We find the court did not err in finding the home possessed a latent defect.
Defendants next allege there is no testimony to indicate the home was not fit for the use for which it was intended. He claims plaintiff's attempt to sell the home for profit reflects somehow on the condition of the premises. Not only has settlement caused the slab and walls to crack, but, according to plaintiffs' expert in structural engineering, improper weight distribution caused by the removal of the support wall, is pulling the original roof down. Due to the difference in span directions of the older and newer roof portions, a valley on the "L" side of the addition is slowly opening up. Eventually plaintiffs will have very serious problems with the roof. Both plaintiffs testified they would not have purchased the home had they known of the structural defects. We find no error in the trial court's finding the defect warranted a reduction in price.
Defendants next contend plaintiffs failed to prove the amount of money necessary to correct the defect. The measure of recovery in an action is quanti minoris involving a building is the amount necessary to convert the unsound structure into a sound one. Fraser v. Ameling, 277 So.2d *355 633 (La.1973). Plaintiffs' expert in structural engineering estimated the cost to remedy the structural damage to the house would range from $8,000.00 to $12,000.00. Although the figure is not precise and admittedly a rough estimate, it is the result of many hours of inspection and study of the home by the expert; the court has reasonable discretion to assess the amount based upon the facts and circumstances of the case. Cf. Jordon v. Travelers Insurance Company, 257 La. 995, 245 So.2d 151 (1971). We cannot say the court erred in accepting $8,000.00 as a minimum figure to repair the home.
Defendant last claims the plaintiff should not be awarded attorney fees. LSA-C.C. Art. 2545 reads:
"The seller, who knows the vice of the thing he sells and omits to declare it, besides the restitution of price and repayment of the expenses, including reasonable attorneys' fees, is answerable to the buyer in damages."
Both defendants testified they were aware of the differential in the elevation between the older and newer portions of the house and the cracked walls and slabs. They also testified they never apprised plaintiffs of the defect in the addition. We find no error in the court's award of attorney fees.
For the above reasons, the judgment of the trial court is affirmed at appellants' expense.
AFFIRMED.
NOTES
[1] LSA-C.C. Art. 2520:

"Redhibition is the avoidance of a sale on account of some vice or defect in the thing sold, which renders it either absolutely useless, or its use so inconvenient and imperfect, that it must be supposed that the buyer would not have purchased it, had he known of the vice."
LSA-C.C. Art. 2521:
"Apparent defects, that is, such as the buyer might have discovered by simple inspection, are not among the number of redhibitory vices."
LSA-C.C. Art. 2530:
"The buyer who institutes the redhibitory action, must prove that the vice existed before the sale was made to him. If the vice has made its appearance within three days immediately following the sale, it is presumed to have existed before the sale."
LSA-C.C. Art. 2541:
"Whether the defect in the thing sold be such as to render it useless and altogether unsuited to its purpose, or whether it be such as merely to diminish the value, the buyer may limit his demand to the reduction of the price."
LSA-C.C. Art. 2544:
"The action for a reduction of price is subject to the same rules and to the same limitations as the redhibitory action."