477 So.2d 858 (1985)
Lorraine Bombara, wife of/and Louis A. VERBICK
v.
R.G.C. INVESTMENTS, INC.
No. 85-CA-252.
Court of Appeal of Louisiana, Fifth Circuit.
October 10, 1985.
*859 Jerome M. Volk, Jr., Demartini, Leblanc & D'Aquila, Kenner, for plaintiffs/appellees.
Matthew A. Wellman, New Orleans, for defendant/appellant.
Before BOWES, GRISBAUM and DUFRESNE, JJ.
BOWES, Judge.
The present appeal is taken on a judgment of the district court in favor of the plaintiffs on a suit in quanti minoris. The judgment is amended and, as amended, affirmed, as follows.
Lorraine and Louis Verbick purchased a home in St. Charles Parish from the defendant R.G.C. Investments in September of 1980. The total purchase price was $163,000. Before the act of sale, the Verbicks inspected the house with the real estate agent and prepared a "punch list" of problems which they encountered. The punch list was extensive, including (but not limited to) the following items: replacement of light fixtures; fixing the damper in the fireplace; recaulking marble in the bathrooms; cleaning or replacing the carpeting; repair of light switches and the burglar alarm; installation and repair of various doors; and so on. Mr. Cheek, the owner of R.G.C. Investments, promised to fix all the problems with the house discovered at that point.
After the sale, the Verbicks began to experience other, more serious, defects. There was water underneath the kitchen floor, causing the flooring to mildew. The roof leaked in various places, including around the fireplace. The backyard and driveway flooded after a rain, and the water did not drain off properly, but rather remained pooled in various places outdoors. The windows leaked. The driveway slab cracked. The heating and air conditioning system did not work properly.
The Verbicks contacted Mr. Cheek or employees of his company to repair these problems. It appears that the defendant did make efforts to correct the situation, but succeeded only partially. According to the Verbicks, they persistently made demand on Cheek to take action, and the corrective measures which were taken were either insufficient or ineffective, or else not made at all. Mr. Cheek, on the other hand, testified that he did attempt to rectify the situation, but that many overtures made by his employees (or employees of his various subcontractors) were rebuffed by the Verbicks as the relationship between plaintiff and defendants began to deteriorate. Subsequently, the Verbicks sold the house at a loss for the sum of $155,000.00.
It was proven to the trial judge's satisfaction that all the defects in the house were not fully corrected, nor were all the items on the punch list repaired. In his reasons for judgment, the trial court stated:
This Court finds that the flooding back yard and driveway, the leaking roof, chimney, and windows, the condition of the kitchen floor and the problems with the central heating system are redhibitory vices which were not repaired by the defendant. None of these defects was discoverable by a simple inspection. All render the use of the house so inconvenient that plaintiffs would not have bought the house had they known of their existance [sic].
[...]
This Court awards a lump sum of $5,325 to repair redhibitory vices.
[...]
The Court finds that the poorly applied paint, the rain which came in at the kitchen door and the improper or missing caulking in various places are not redhibitory vices, but do warrant a reduction *860 in the price, and accordingly awards a lump sum of $1,500.00 for the repair of these defects.
Plaintiffs and defendants made a "punch list" before the act of sale, which enumerated repairs and alterations. This Court finds that the parties are bound in contract by this list, and that the defendant failed to make all the repairs or alterations on it. Therefore, the court awards a lump sum of $1,500.00 for the cost of completing these repairs or alterations.
Since knowledge of defects is imputed to the builder, plaintiffs are entitled to reasonable attorney's fees in this cause. CC 2545, Smith v. Landreneau, supra. This Court awards $2,000.00 as reasonable attorney's fees.
The court made several other findings which are not at issue on this appeal, except indirectly: the court did not specifically address one item of damages included in plaintiff's case, that being an award for a "devaluation" or diminution of the property which was allegedly a result of the defects.
Defendants appealed, urging these errors:
THE TRIAL COURT INCORRECTLY CHARACTERIZED THIS LITIGATION AS A REDHIBITORY ACTION AND GRANTED PLAINTIFFS' REDHIBITORY RELIEF DESPITE THE FACT THAT THE OBJECT WHICH FORMS THE BASIS OF THE LITIGATION HAD BEEN SOLD BY THE PLAINTIFFS.
ONCE A BUYER ELECTS TO SUE FOR A REDUCTION IN PURCHASE PRICE, HE MAY NOT AVAIL HIMSELF OF THE REDHIBITORY CLAIM.
ATTORNEY'S FEES MAY ONLY BE AWARDED WHEN THE PLAINTIFF PROVES THAT THE DEFENDANT HAD KNOWLEDGE OF HIDDEN VICES OR DEFECTS WHICH GAVE RISE TO THE REDHIBITORY ACTION.
Plaintiffs answered the appeal, seeking to have the judgment modified to increase the amount of the judgment for the elements to repair the redhibitory vices, and to increase the amount of damages awarded as attorneys' fees. Appellees also submitted that the trial court was in error in not awarding damages for the devaluation of the property as a result of the vices and/or defects.
As to defendant's first assignment of error, the action for reduction is subject to the same rules and to the same limitations as the redhibitory action. C.C. Art. 2544.
It is therefore apparent that in considering a suit for reduction, a trial court would necessarily incorporate certain terminology and tenets of the theory of redhibition, upon which reduction is based. The reasons for judgment in the present case disclose that the court did not confuse the demands, but correctly characterized the matter as one of reduction within the framework of the laws on redhibition. The court did not attempt to rescind the sale, but granted the proper type of relief. This assignment of error is without merit.
In the defendant's second assignment of error, defendant-appellant seems to urge that under Article 2541 a plaintiff in an action for quanti minoris must prove that the thing sold was unsuitable for its intended purpose; because the present matter involves a home which was subsequently sold, the defendants argue that the plaintiffs cannot claim that the house was not capable of being utilized as a home. We are unable to agree with this contention, which is unsupported by jurisprudence, and hold simply that subsequent sale of a defective item does not defeat an action for reduction. See Lacey v. Baywood Truck and Machinery, 381 So.2d 863 (La.App. 1st Cir.1980).
It is clear that a builder-vendor is presumed to know of the defects of the house itself. Smith v. H.J. Landreneau Bldg. Contractor, 426 So.2d 1360 (La.App. 3rd Cir.1983). Therefore, the purchasers are not only entitled to a reduction but also to damages and attorney's fees. Art. 2545; Smith v. H.J. Landreneau Bldg. Contractor, *861 supra. This final assignment of error is without merit.
Turning to the plaintiff-appellant, we now consider the question of whether or not the judgment should be amended to increase the amount for repair of the redhibitory defects.
The characterization by the trial court of certain defects as "redhibitory" is not at issue. Plaintiff argues instead that given the enumerated defects, the trial judge should have awarded $7,631.00 to repair the problems. An examination of the testimony and exhibits disclose certain previously paid or estimated costs of repair.
Frederick Twickler, a roofing contractor, testified that there were irregularities in the construction of the roof which he discovered when hired to correct certain leaks. He did repairs on two occasions for a total cost of $558.00. John Quin, another roofer, was called some time later to complete repairs because there were still complaints of leaking. Mr. Quin testified that shingles around the chimney were improperly sealed, and that the roof should be reflashed, the shingles trimmed back in some areas, and that certain repairs should be made in the chimney area. The estimated cost of these repairs was $975.00, plus a $50.00 fee for the roof inspection.
Mr. Verbick testified that it cost him $220.00 for materials to correct the problems with the kitchen floor, the flooring itself having been provided by the defendants or their agents.
William Hoenset, a civil engineer, inspected the property and recommended that the new yard be re-graded to allow proper drainage. Hoenset's charge for the inspection was $250.00. Jeff Melancon of Melancon Gardens, Inc. presented an estimate of $2,173.50 as the cost to re-grade and re-sod the yard.
Salvador Guleno, owner and operator of Kenner Industrials, a concrete construction firm, was asked to evaluate the problems of the cracking slab and driveway. Gulino felt that the ground beneath the slab had been improperly filled and that in order to correct the problem, certain portions of the driveway, patio and sidewalk would have to be torn out and re-poured. The estimated cost of this was $3,450.00.
According to our calculations, the total costs for actual or estimated repair of the defects which the trial judge found to be redhibitory, plus reasonable expenses (inspection fees of the engineer and roofer) total $7,676.50. We are unable to determine how the trial judge arrived at the figure of $5,325.00. However, we find that the testimony and evidence support our calculations, and the judgment is so amended.
Plaintiff cites to this Court the case of Smith v. H.J. Landreneau Bldg. Contractor, supra. as illustrative of the principle that dimunition in value of a house is a valid element of damages in a case such as this. The jurisprudence which considers the measure of damages in cases involving real property was summed up by the Supreme Court in Lemonier v. Coco, 237 La. 760, 112 So.2d 436 (1959).
In a successful action for a reduction of the purchase price the amount to be awarded is the difference, at the time of the sale, between the value of the thing sold in its defective condition and its value as warranted. Iberia Cypress Co., Limited v. Von Schoeler, 121 La. 72, 46 So. 105. However, with respect to the sale of realty, unless there has been an immediate resale, the difference is not readily and easily ascertainable. As a consequence this court has declared that in such a case the allowable dimunition is "the amount necessary to convert the unsound structure into a sound one" (McEachern v. Plauche Lumber & Construction Co., Inc., 220 La. 696, 57 So.2d 405, 408) or, as otherwise expressed, "the cost of repairs necessary to make the thing whole" (Wilfamco, Inc. v. Interstate Electric Co., 221 La. 142, 58 So.2d 833, 834).
See also Lemoine v. Hebert, 395 So.2d 353 (La.App. 1st Cir.1980); Maguire v. Masino, 325 So.2d 844 (La.App. 4th Cir.1975); Cook *862 v. Highland Park Construction Co., 168 So.2d 825 (La.App. 2nd Cir.1964).
The court in Smith was presented with a slightly different situation. There, the only evidence presented by plaintiffs to establish the amount by which the purchase price should have been reduced was testimony from an expert appraiser that a house depreciates due to susceptibility to flooding in a wide range of percentages (10% to 75%). Thus, the court there had no other bases upon which to make a reduction. Millspaw v. Knight, 430 So.2d 1207 (La.App. 1st Cir.1983), also cited by plaintiff, is inapposite to the present case and not controlling of the present issues.
Because the resale of the Verbick property was not immediate, we find this case to be within the standard of Lemonier, supra. Several other factors make ascertainment of a diminishment value difficult. The testimony of Mrs. Sely, the real estate agent, as to comparable values in the area was too speculative and unsupported to be given great weight. Further, at one point, Mr. Verbick reduced the price of the house because he was out of work. We are unable to find with any certainty that the eventual sales price of the house was reduced solely because of the defects, over the amount awarded for defects (as amended). The trial judge, in failing to make an award for dimunition of value, used the correct standard of Lemonier in granting judgment for the plaintiffs.
With regard to attorneys' fees, the Supreme Court, in Leenert's Farms, Inc. v. Rogers, 421 So.2d 216 (La.1982), held that while parties are permitted to contract with respect to attorney fees, such fees are subject to review and control by the courts. Plaintiffs introduced into evidence a contract for legal services at the rate of $75.00 per hour and an itemized, detailed, statement prepared by their attorneys showing that they had spent over 55 hours on the case, including two days of trial and one day of depositions. They also incurred $171.00 in expenses. While courts are not bound by such private contracts and may award such amount as the court feels is just and proper under the circumstances of each case, the award should still be a meaningful reimbursement to plaintiff for the legal expenses that he has been forced to incur because of the actions of the defendant.
In this case, the learned trial judge awarded a total sum of $2,000.00 as attorneys' fees, which amounts to approximately $36.00 per hour, with no reimbursement for expenses. While we agree he has wide discretion in such matters, we take judicial cognizance of the fact that average current fee structures in the legal profession are far in excess of this amount and that a plaintiff, in all probability, could not obtain competent legal representation for this figure. Accordingly, we find that the award is unreasonably low and increase it to $3,500.00, plus $171.58 for expenses. In addition, we award an additional $1,500.00 as attorneys' fees for this appeal.
Therefore, for the foregoing reasons, the judgment of the trial court is amended, awarding the plaintiffs the sum of $7,676.50 for repair of the redhibitory defects and $3,500.00 for attorneys' fees, plus $171.58 for expenses incurred. In addition, plaintiff is awarded an additional $1,500.00 in attorneys' fees for this appeal.
AMENDED AND, AS AMENDED, AFFIRMED AND RENDERED.