THOMAS F. DALEY, Judge Pro Tem.
This appeal arises from a suit for legal services. Ernest N. Souhlas, plaintiffrappel-lee, filed suit against Frank C. Orlando, defendant/appellant. Orlando filed a reconven-tional demand seeking reimbursement from Souhlas for $21,000.00 Souhlas allegedly delivered to an opposing heir in the estate. The trial judge dismissed Orlando’s reeon-ventional demand. Orlando did not specify error as to the dismissal of his reconventional demand. He only specifies error with regard to the trial judge’s awarding Souhlas $10,-100.00 in damages for breach of contract, interest and costs. Souhlas has asked in his brief that this court affirm the judgment or alternatively reverse in part “by adding to the award $200.00 which was credited to Appellant which payment was specifically for court costs and should not have been credited to Appellant’s bill.” However, Souhlas did not appeal the judgment nor has he filed an answer to the appeal as required by La. C.Civ.P. art. 2133. Furthermore, “[a] brief submitted by appellee does not satisfy the article requirements as it is neither an answer nor an appeal.” Arrow Fence Co. v. DeFrancesch, 466 So.2d 631, 633 (La.App. 5th Cir.1985), writ denied, 468 So.2d 575 (La.1985). Thus, we do not address his request to reverse the judgment in part. Regarding Orlando’s appeal, we affirm.
Souhlas began representing Orlando in February, 1984 in a succession matter. Orlando testified that in that initial meeting Souhlas told him not to worry about the fee and they would work it out when the succession was over.
In contrast, Souhlas testified he and Orlando had an agreement whereby Souhlas was to be paid a retainer fee of $5,000.00 plus $50.00 per hour. He stated he confirmed this agreement by letter dated July 5, 1984. That letter of confirmation was introduced into evidence. Orlando admitted he received this letter.
Souhlas further testified in late Summer 1987 the agreement was modified. He stated he had provided billable legal services of approximately $7,000.00 at that time. Souh-las said Orlando told him he could not keep paying an hourly bill. Souhlas then offered a
flat fee of $10,100.00 regardless of how long it took to place Orlando in possession if Orlando paid him what was owed at the time. Orlando testified Souhlas only wanted $10,-250.00 for the entire amount. Souhlas also testified he charged an additional $1,500.00 for representation in a criminal matter. At trial Orlando did not dispute the $1,500.00 amount for these services.
Souhlas began billing Orlando on August 11, 1987 for $10,250.00 plus the $1,500.00 for representation in a criminal matter. There is no explanation on the bills of 8-11-87, 9-01-87,10-01-87,11-01-87 and 12-01-87 as to whether the $10,250.00 is an additional flat fee amount other than the 8-11-87 bill which states:
February 1984 through completion of either placing in possession or sale ...
These bills do not itemize the amounts paid by Orlando on the succession nor do they reflect the original retainer agreement. However, the bill dated March 1, 1988 does contain an itemization as follows:
Retainer Fee $ 5,000.00
To Attorney Fees 1985 805.00
To Attorney Fees 1986 685.00
Attorney Fees 1987 $10,250.00
Costs Advanced 760.00
[[Image here]]
TOTAL $17,500.00
Orlando is given credit on this bill for $7,200.00 which included the $5,000.00 retainer fee.
The trial judge concluded the modified agreement was for an additional $10,250.00 as a flat fee for the remainder of the representation in the succession. He concluded the entire bill was $17,500.00, which included $1,500.00 for representation in a criminal matter. He gave Orlando credit for the $7,400.00 he paid which left a sum owing of $10,100.00.
On appeal Orlando specifies the following errors:
1. The trial judge’s award was manifestly erroneous since Souhlas’ accounting contained many discrepancies;
2. The trial judge was manifestly erroneous in finding the modified agreement was for $17,500.00 instead of $10,250.00;
*515 3. The trial judge was manifestly erroneous in failing to credit Orlando with $7,635.00 instead of $7,400.00, and
4. The trial court erred in easting the defendant for all costs.
Souhlas introduced reconstructed time sheets rather than contemporaneous bills. Orlando’s trial counsel attempted to point out to the trial judge discrepancies in these various bills. The trial judge, however, viewed the matter as a contract dispute. He stated:
The only question is whether, in my mind, whether or not in sending the bill for [$10,250.00] on August 11, 1987, whether or not the agreement was that this [$10,-250.00] is in addition to the [$5,000.00] already paid or does it include the [$5,000.00] already paid. That’s the only issue in the Souhlas ease as far as I’m concerned.
The trial court found that there existed an agreement for an additional flat fee of $10,500.00 in addition to the fees paid prior to August of 1987 and that Mr. Orlando had paid $7,400.00 against the total attorney fees of $17,500.00 leaving an outstanding amount owed of $10,100.00. This finding by the trial court is supported by Souhlas’ testimony and the various invoices sent by his office to Mr. Orlando. In his oral reasons for judgment Judge Burns stated:
Mr. Souhlas has worked on the succession from 1984 to 1987. I believe the five thousand dollars paid was earned and therefore I believe the agreement between the parties was that the sum of Ten Thousand Five Hundred additional or new money, that Souhlas would complete the succession.
Despite attorney fee contracts “[C]ourts may inquire as to the reasonableness of attorney fees as part of their prevailing, inherent authority to regulate the practice of law.” State, DOTD v. Williamson, 597 So.2d 439, 441-442 (La.1992).
Rule 1.5(a) of the Rules of Professional Conduct provides:
(a) A lawyer’s fee shall be reasonable. The factors to be considered in determining the reasonableness of a fee include the following:
(1) The time and labor required, the novelty and difficulty of the questions involved, and the skill requisite to perform the legal service properly;
(2) The likelihood, if apparent to the client, that the acceptance of the particular employment will preclude other employment by the lawyer;
(3) The fee customarily charged in the locality for similar legal services;
(4) The amount involved and the results obtained;
(5) The time limitations imposed by the client or by the circumstances;
(6) The nature and length of the professional relationship with the client;
(7) The experience, reputation, and ability of the lawyer or lawyers performing the services; and
(8) Whether the fee is fixed or contingent.
The reasonableness of attorney fees should be reviewed when fees are in dispute. The trial court concluded the original five thousand dollars was earned presumably at the rate of fifty dollars per hour ($50.00). Additionally, the trial judge took judicial notice of the succession proceeding. It was uncontroverted that the succession proceeding was complex and contested.
Souhlas represented Orlando continuously from February, 1984 through May, 1990. There were approximately five prior attorneys who had represented Orlando. Orlando was placed in possession in December, 1989. In May, 1990 Souhlas withdrew as attorney of record. Souhlas introduced a summary of the pleadings he filed and a history of the litigation. That history was not disputed. The summary shows several matters were hotly contested from the date of representation through the judgment of possession.
This court has reviewed the reconstructed time records submitted into the record. Exhibits Souhlas #7, D-10, D14A, D14B and D-15 all entitled “CLIENT TIME KEEPING CHARGES”. Much of the dispute at trial centered around the variations in hourly billing rates. Exhibit Souhlas # 7 reflect an hourly rate of $110.00 per hour; D-10 $50.00; *516 D-14A $110.00 out of court and $150.00 in court; D-14B $75.00 per hour out of court and $150.00 per hour in court. Since the only hourly fee actually agreed upon by the parties was $50.00 per hour the court will review the reasonableness of Mr. Souhlas’ fee using that time rate.
Exhibit D-16 uses the hourly rate of $50.00 per hour and based on Mr. Souhlas’ reconstructed time records he asserts that he utilized five hundred forty-two (542) of his attorney man hours @ $50.00 equalling a billable fee of $27,100.00. The billing is broken down into the following categories: correspondence, court hearings, depositions, pleadings and miscellaneous. An attorney can with the benefit of his file reconstruct a fair estimate of billing time for correspondence, pleadings, depositions and scheduled court appearances. This court accepts Mr. Souhlas’ billing for those matters. The court must criticize and discount Mr. Souhlas’ time calculations for telephone conferences and client conferences since they are nonspecific with regard to dates and time. Mr. Souhlas no doubt had numerous phone calls and attorney conferences in this matter but the court must be critical of the lump sum nonspecific billing method used to account for telephone and client conferences. However, even when discounting these charges substantially the court concludes that Mr. Souh-las’ fee was reasonable.
Had the original agreement for $50.00 per hour been in effect Mr. Orlando would have been entitled to 350 hours of Mr. Souhlas’ time. In view of the complexity of this case, the length of time involved which this court concludes exceeded 350 hours and the results obtained, this court concludes that Mr. Souh-las’ fee was reasonable.
Alternatively, Orlando seeks a credit of $7,635.00, which he states Souhlas admits he paid, instead of the $7,400.00 the trial judge allowed.
At trial Souhlas admitted Orlando paid $7,635.00. He admitted this both at trial and in answer to an interrogatory. When confronted with the discrepancy he stated he did not do the accounting but that it did show what Orlando paid. Thus, Orlando is entitled to a credit of $7,635.00 instead of $7,400.00.
Additionally, Orlando seeks a fui’ther credit of $1,200.00. However, Orlando testified he paid a total of $7,635.00 to Souhlas.
Finally, Orlando argues the trial judge erred in casting him for all ¡costs. Orlando was the party cast in judgment. La.C.Civ.P. art. 1920 provides:
Unless the judgment provides otherwise, costs shall be paid by the party cast, and may be taxed by a rule to show cause.
Except as otherwise provided by law, the court may render judgment for costs, or any part thereof, against any other party, as it may consider equitable.
The trial judge has discretion in assessing costs and we find no abuse of that discretion. See Pitard v. Davis, 599 So.2d 398 (La.App. 5th Cir.1992).
Accordingly, for the reasons stated, the judgment against Frank C. Orlando, awarding Ernest N. Souhlas damages in the amount of $10,100.00, is amended to reflect a credit of $7,635.00, from the original amount due of $17,500.00 for a total award of $9,865.00 together with legal interest from the date of judicial demand, June 25, 1991, until paid, and all costs. The judgment of February 4, 1993, as amended, is affirmed at appellant’s cost.

AMENDED, AND AS AMENDED, AFFIRMED.