397 So.2d 842 (1981)
Herman J. BUSTAMANTE
v.
John MANALE.
No. 11797.
Court of Appeal of Louisiana, Fourth Circuit.
April 7, 1981.
Nel F. Vezina, Gretna, for plaintiff-appellee.
Gregory M. Porobil, New Orleans, for defendant-appellant.
Before REDMANN, GULOTTA and SCHOTT, JJ.
REDMANN, Judge.
Defendant appeals from a judgment which, by awarding $25,000 to plaintiff, reduced by $25,000 the price of a defective house defendant built and sold to plaintiff *843 for $50,500 April 23, 1976. The judgment also awarded to plaintiff $5,000 attorney fees. Defendant concedes that the defectiveness of the house would justify avoidance of the sale for redhibitory defects. Defendant's appeal asks that the sale be avoided, so that he recover the house and lot by returning 100% of the price to plaintiff, rather than let plaintiff keep the house and lot but oblige defendant to return half of the price.
Defendant's brief expressly envisions that his liability upon avoiding the sale be "limited to a restoration of the purchase price and a reimbursement of the reasonable expenses occasioned by the sale." Defendant claims the limited liability under La.C.C. 2531 of a seller ignorant of the defects. Thus defendant by his appeal does not ask for avoidance of the sale on the terms applied under C.C. 2545 to a seller who knows the defects, who "besides the restitution of price and repayment of the expenses, including reasonable attorneys' fees, is answerable to the buyer in damages."
Plaintiff neither appealed nor answered defendant's appeal. We therefore cannot modify the judgment to make it more favorable to plaintiff. La.C.C.P. 2133. But it is clear that plaintiff does not want the sale set aside. Although he first sued for "rescission," an amended petition demands $100,000 damages for demolishing and rebuilding the house and for living expenses meanwhile. Thus plaintiff converted his redhibitory action into an action quanti minoris (coupled with a demand for damages such that the amount sought exceeds the price). Indeed, the record contains a copy of a written offer by defendant to return the price if plaintiff would reconvey the property; presumably plaintiff rejected that offer.
Thus, ignoring the possibility of reducing the $25,000 award to plaintiff, this appeal by defendant alone presents one basic question: may the seller obtain avoidance of a sale upon suit by the buyer for a reduction in price and for damages?
We conclude that this case is no exception to La.C.C. 2541's rule that "the buyer may limit his demand to the reduction of the price" (and, C.C. 2543, "can not afterwards maintain the redhibitory action"). We therefore affirm.
Pursell v. Kelly, 1963, 244 La. 323, 152 So.2d 36, 39-40, n. 4, foresaw this case from defendant's view:
In our recent cases (see Lemonier v. Coco, 237 La. 760, 112 So.2d 436, citing McEachern v. Plauche Lumber & Construction Co., Inc., 220 La. 696, 57 So.2d 405 and Wilfamco, Inc. v. Interstate Electric Co., 221 La. 142, 58 So.2d 833) it has been concluded that, in actions for quanti minoris involving the sale of realty, the measure of recovery is the amount necessary to convert the unsound structure into a sound one. The reason given for this exception is that the usual rulethat the measure of recovery is the difference between the value of the thing sold in its defective condition and its value as warranted (see Iberia Cypress Co. Ltd. v. Von Schoeler, 121 La. 72, 46 So. 105 and other cases)cannot be applied in cases of this sort inasmuch as the difference in value of real estate is not readily or easily ascertainable unless there has been an immediate resale of the property.
In the event it were held in the instant case that defendant was liable for a reduction in price, application of the afore-mentioned method of measuring recovery would appear to be highly inequitable for this would require defendant to pay the costs, amounting to almost $10,000, to repair a building valued at only $12,000 at the time of the sale. In instances where the costs of the repairs are far out of proportion with the price paid for the property, it would seem that a rescission of the sale would be the only just and proper remedy when the vendee has shown that he is able to place his vendor in substantially the same position as he was prior to the sale.
Our facts are that the defects in the house's pilings and slab are so serious that, as a practical matter, the house cannot economically be made sound. The only testimony on cost is from one contractor who *844 would charge about $100,000 to demolish and remove the present structure and duplicate it (properly placed on sufficient pilings). That testimony would support a judgment for $100,000 as cost of repair but not $25,000. There is no testimony of the market value of the house in its present unsound condition compared to sound condition, and thus there is no evidence on market values that would support a judgment for $25,000.
Evidently the trial judge did not wish to override the plaintiff's preference not to have the sale set aside. But he recognized the untenability of awarding $100,000 (or even $50,000) as a "price reduction" in a $50,500 sale. He therefore granted, in effect, a price reduction perhaps as large as he deemed legally permissible (a question not at issue on this appeal).
The trial judge's resolution of the problem was not ideal but we know no better. Inflation has priced comparable houses considerably higher in the intervening five years, and to return the price would not enable plaintiff to buy a comparable house today. A proper judgment would award the buyer the $50,500 price plus the mortgage interest paidperhaps plus legal interest on both from judicial or earlier demand, Alexander v. Burroughs Corp., La.1978, 359 So.2d 607, on the theory that the use of this house was so inconvenient as not to be an equivalent for interest. Even if the $50,500 thus increased by double interest would amount to the price of a comparable house today, our buyer would have to pay off his advantageous 8.5% mortgage and thus would presumably have to borrow an equal amount (about $40,000) at today's rates of perhaps 15%. It is thus wholly understandable that the buyer might prefer to keep the defective house even though the reduction in price does not suffice to repair the defects. We refuse to order avoidance of the sale because the buyer cannot be restored to his pre-sale position as the action of redhibition intends.
Finally, we note defendant's argument that he is not in the position of a manufacturer (charged with knowledge of defects and thus liable for damages and attorney fees, see Alexander, supra) because he did not himself build the house but had another build it. We assume that one who had a house built for his own use by a contractor, but then sold it, should not be charged with the builder's imputed knowledge of its defects. But defendant has with some frequency built or had built houses to sell and thus does that as a business; he does not have a written or even fixed-price contract with his builder, whose payment depended upon the sale of the house.
We therefore find no difference between defendant's position and that of the builder who employs subcontractors but who is nevertheless charged with knowledge of the defect in the subcontractor's work, as in Schamens v. Crow, La.App. 2 Cir., 1976, 326 So.2d 621.
Affirmed.
GULOTTA, Judge, dissenting.
I dissent. Although I would affirm the damages and attorney's fees awarded by the trial court, I am of the opinion that plaintiff is further entitled to a rescission of the sale and a refund of his purchase price plus reasonable expenses occasioned by the sale.
The testimony is clear that the house was beyond repair because of redhibitory defects. In such instance, a good-faith seller must "restore the purchase price, and reimburse the reasonable expenses occasioned by the sale...." See LSA-C.C. Art. 2531. However, where a seller knows of the vice of the thing he sells and fails to disclose it to the purchaser, he is answerable to the buyer in damages in addition to the restitution of the price and repayment of expenses, including reasonable attorney's fees. See LSA-C.C. Art. 2545.[1]
*845 It is clear from the reasoning of the trial judge that he was compelled to award plaintiff monetary relief and not rescission because of the increased damage award sought in the supplemental and amended petition. The trial judge apparently concluded the demand for rescission sought in the original petition had been abandoned. I find no such constraint as apparently the trial judge did. In the original petition plaintiff sought rescission and attorney's fees. The first amended and supplemental petition prays for the relief sought in the original petition and, in addition $50,500.00. Again, the second amended petition seeks the relief sought in the original petition and additionally an increased money judgment. Likewise, in the third supplemental and amended petition plaintiff prays for increased monetary damages and attorney's fees. I do not find in these pleadings a repudiation of plaintiff's original demand for rescission. Furthermore, the evidence clearly establishes plaintiff's entitlement to this relief and to return of the purchase price.
I further conclude plaintiff is entitled to monetary damages as well as rescission and restitution of the purchase price. The record supports the conclusion that Manale either knew or should have known of the vices of construction. Manale testified that he had the house constructed solely for the purpose of selling it. Although Manale was not a contractor, he relied on the expertise of one Warner who was to share in the profit and who also participated with him in other home building ventures. Manale, therefore, falls into the category of "vendor-builder" in the same position as a "manufacturer" bound by the article on redhibition.[2] As a builder or manufacturer charged with the knowledge of the defects, Manale is responsible, in addition to rescission, for restitution of the purchase price, damages and attorney's fees. LSA-C.C. Art. 2545; Tuminello v. Mawby, 220 La. 733, 57 So.2d 666 (1952); Schamens v. Crow, 326 So.2d 621 (La.App. 2d Cir. 1976), on rehearing; Cox v. Moore, 367 So.2d 424 (La.App. 2d Cir. 1979), writ denied, La., 369 So.2d 1364.
Bustamante purchased this house in April, 1976 and is apparently living and residing in the residence under adverse conditions. Under the circumstances, considering the loss in escalated value of real property if it had been purchased without defects, together with plaintiff's inconvenience, I do not find a $25,000.00 monetary award an abuse of the trial court's discretion. I find no abuse further in the $5,000.00 award for attorney's fees. Although Bustamante seeks an increase above the $25,000.00 monetary award made to him by the trial judge, he has neither appealed nor answered the appeal and this court would be powerless to increase the damage award.
Having so concluded, I would affirm the monetary judgment in favor of plaintiff in the sum of $25,000.00, plus $5,000.00 in attorney's fees, but I would further order that the sale of the property located at 2404 Transcontinental Drive in Metairie, Louisiana, purchased by plaintiff on April 23, 1976 be rescinded and set aside and that defendant return to plaintiff the $50,500.00 purchase price.
For these reasons, I respectfully dissent.
NOTES
[1] LSA-C.C. Art. 2545 reads as follows:

"The seller, who knows the vice of the thing he sells and omits to declare it, besides the restitution of price and repayment of the expenses, including reasonable attorneys' fees, is answerable to the buyer in damages."
[2] I note that a builder who constructs a house to his own plans and specifications and thereafter puts the building or lot on the market for sale, is treated as a vendor subject to an action for redhibition by a subsequent vendee for defects in the premises. In such a case, LSA-C.C. Art. 2762, dealing with a contractor's liability for badness of workmanship, does not apply. See Hermeling v. Whitmore, 140 So.2d 257 (La. App. 1st Cir. 1962).