466 So.2d 631 (1985)
ARROW FENCE COMPANY, INC.
v.
DeFRANCESCH d/b/a Garyville Supermarket.
No. 84-CA-466.
Court of Appeal of Louisiana, Fifth Circuit.
March 11, 1985.
Writ Denied May 13, 1985.
*632 Rick A. Alessi, Law Offices of William T. Adcock, Baton Rouge, for plaintiff-appellee.
Fred R. DeFrancesch, Garyville, in pro. per.
Before BOUTALL, CURRAULT and GAUDIN, JJ.
CURRAULT, Judge.
This appeal arises from a judgment on an open account in favor of plaintiff, Arrow Fence Company, Inc. (Arrow) and against defendant, Fred R. DeFrancesch.
The facts show that by telephone on April 21, 1983, Fred R. DeFrancesch ordered a six foot fence from plaintiff, Arrow, which was to be located around a swimming pool on his father's property. Mr. DeFrancesch's father is also named Fred DeFrancesch. The order sheet shows that the price quoted by telephone totalled One Thousand, Five Hundred Eleven Dollars and Thirty-Six Cents ($1511.36) for 300 running feet of green vinyl wire fencing at Three Dollars and Eighty-Five Cents ($3.85) per foot; plus eight corner posts at Twelve Dollars ($12) each and a ten foot double gate at One Hundred Thirty Dollars ($130). An invoice following completion showed the same total, but with an additional three foot gate. Upon completion, the invoice was presented to Mr. DeFrancesch's father for payment and he refused to pay the agreed-upon price. Instead he tendered an amount sufficient to cover 270 feet of fencing plus Fifty Dollars ($50) for the extra gate. The workers refused to accept the check.
After demanding payment by certified mail, and failing to recover the amount billed, plaintiff filed suit on August 31, 1983. The matter was tried on March 15, 1984, following which judgment was rendered on March 23, 1984 in plaintiff's favor in the amount of One Thousand, Four Hundred Forty-One Dollars and Thirty-Six Cents ($1441.36) with costs being divided equally between the parties. The judgment further denied plaintiff's demand for attorney fees.
As a result of the judgment, defendant perfected this appeal presenting several errors, all of which we find can be condensed to the questions of (1) whether a contract existed; (2) whether the work contracted for was completed; (3) whether the award is correct based on the contract; and (4) whether the proper party-defendant was named in judgment.
Appellee also requests relief from this court and presents for our review questions relating to (1) the failure of appellant's brief to conform to the Uniform Rules-Courts of Appeal; (2) damages for frivolous appeal; and, as well citing (3) errors of the trial court in assessing costs and failure to award attorney fees.
Because we find we can dispose of appellee's issues readily, we will first address those questions.
Appellee argues that appellant's brief is not in conformity with the requirements of the Uniform Rules of the Courts of Appeal. In particular, appellee points out that appellant has failed to set forth the jurisdiction of the court; that the brief fails to state a conclusion stating the precise relief sought; and that the brief fails to cite the record in reference to factual errors.
Under the Rules of Court, a nonconforming brief may be stricken in whole or in part by the court, and the delinquent party or counsel of record may be ordered to file a new or amended brief. Uniform Rules-Court of Appeal, Rule 2-12.13.
Appellant's brief is sufficiently deficient to invoke Rule 2-12.13; however we find *633 judicial economy dictates that we decline to invoke the rule in this case.
In brief, appellee also alleges errors in the judgment related to the denial of attorney fees, the assessment of costs and further demands damages for frivolous appeal.
Under LSA-C.C.P. Article 2133, an appellee seeking relief from the judgment is required to file an answer within 15 days of the return day or lodging of the record whichever is later. A brief submitted by appellee does not satisfy the article requirements as it is neither an answer nor an appeal. Juan v. Harris, 263 So.2d 370 (La.App. 4th Cir.1972); affirmed and amended on other grounds 279 So.2d 187 (La.1973). See also Brewington v. Louisiana Department of Corrections, 447 So.2d 1184 (La.App. 3d Cir.1984), writ den. 449 So.2d 1348 (La.1984); Cheramie v. Vegas, 413 So.2d 1343 (La.App. 1st Cir.1982). Consequently, as appellee failed to file an answer or perfect an appeal, we are precluded from addressing the issues raised solely in appellee's brief.
Turning to appellant's brief, appellant complains that the court failed to find a contract; that the court failed to delineate the contract terms; that the evidence does not support the judgment; that the court failed to find appellant an agent of his father; that as agent he is not the proper party to be cast in judgment; and that there is no such person as "Fred R. DeFrancesh", the name of the party cast in judgment by the trial court.
Addressing the final allegation first, we find that it is clear from the record that the judgment contains a typographical error in the spelling of appellant's name and that the judgment is intended to refer to Fred R. DeFrancesch, the attorney-appellant herein. Consequently, insofar as the typographical error is concerned, the judgment is amended to reflect the correct spelling.
In regard to appellant's complaint that the trial court failed to make a definitive contract, we find to the contrary. The judgment was rendered in response to appellee's petition on open account asserting that a certain amount of money was due and owing as a result of services performed by appellee. The reasons for judgment recognize that appellant admitted, in trial, to an agreement with Arrow, the terms of which he argues herein were unfulfilled. We find no merit to this allegation.
Appellant next argues that the evidence is insufficient to support the judgment. We disagree. Appellant asserts that the fence provided was shorter in height than bargained for and posts were not agreed to in the price.
In regard to the question of the inclusion of the posts in the price, two documents were introduced by appellee, an order form and the invoice form. Both documents indicate that the posts were included at the time the order was placed and that they were included in the price quoted. Appellant does not dispute the total amount quoted at the inception of the agreement. Thus, we find no error in this regard.
The issue of the fence height raises a somewhat more substantial question. This evidence in this respect indicates that a six foot high fence was ordered. Appellant and his father, however, testified that the fence height was only five and a half feet after installation.
On the other hand, appellees presented the testimony of Mr. Eddie Barnes, the owner of Arrow Fence. Mr. Barnes stated he took appellant's order and sent the workmen out to perform the installation of the fence. He stated that the type of fence ordered by appellant was available in rolls 50 feet long and in heights of only 3 feet, 42 inches; five feet, six feet, seven, nine, ten and twelve feet. While he did not personally measure the fence after completion, he disputed appellant's claim that the fence was stretched. He stated that stretching would not be necessary because the roll lengths sufficiently provided the running footage with some left over.
The trial court did not specifically make a factual finding on this question. However, *634 the evidence on this matter was clearly before the court and the court only found in appellant's favor regarding the running footage. Thus, we presume the court rejected appellant's contention in this regard and after our review we find no error.
Finally, appellant alleges a principal-agent relationship which he asserts absolves him from liability. The testimony shows that appellant placed the order and agreed to the terms, including the price quoted. The evidence further indicates that the negotiations with Arrow were couched in terms of an order for appellant and not for another party.
After reviewing the evidence, we find that the trial court was not clearly wrong in rendering a judgment in appellee's favor in the amount of One Thousand, Four Hundred Forty-One Dollars and Thirty-Six Cents ($1441.36).
For the foregoing reasons, therefore, and after a review of the law and evidence, the trial court judgment is hereby corrected to reflect judgment in favor of Arrow Fence Company, Inc. and against Fred R. DeFrancesch. The judgment is otherwise hereby affirmed.
Costs of this appeal are to be paid by appellant.
AFFIRMED.