519 So.2d 172 (1987)
Calvin BEVERLY, Wendell Taylor, Lacy Jackson
v.
SEWERAGE AND WATER BOARD.
No. CA-7699.
Court of Appeal of Louisiana, Fourth Circuit.
December 30, 1987.
Susan E. Ogden, Seelig, Cosse, Frischhertz and Poulliard, New Orleans, for plaintiffs-appellants.
Leonard W. Crooks, Associate Counsel, Sewerage and Water Bd. of New Orleans, New Orleans, for defendant-appellee.
Before GARRISON, WILLIAMS and CADE, JJ.
GARRISON, Judge.
Plaintiffs, Calvin Beverly, Wendell Taylor and Lacy Jackson appeal from the ruling of the New Orleans Civil Service Commission upholding their March 1, 1985 dismissal from employment by the Sewerage and Water Board. This dismissal stemmed *173 from an incident on February 7, 1985 in which plaintiffs refused to board a truck to which they were assigned to work due to their belief that the truck was in an unsafe condition. Their request for another truck was denied by their supervisor after he inspected the truck in question and determined that there were no safety defects which would prevent the truck's use. At that time, the supervisor again ordered the men to board the truck and they again refused. The supervisor advised the men to direct their complaints to the personnel management analyst at City Hall, Mr. Howard Nolan. The men decided to take that action and were soon thereafter notified of their dismissal.
All three plaintiffs appealed their dismissal from the Sewerage & Water Board to the Civil Service Commission. The Sewerage & Water Board filed exceptions of no right of action and/or no cause of action as to all three plaintiffs claiming that, at the time of their dismissal, the plaintiffs were probationary employees and, therefore, were not entitled to an appeal according to the provisions of Rule II, Section 4.1 of the Rules of the Civil Service Commission of the City of New Orleans. The Commission overruled the Sewerage & Water Board's exception and held that plaintiffs' allegations entitled them to a hearing pursuant to Civil Service Commission Rule II, Section 9.1 which states as follows:
"No employee shall be subjected to discipline or discriminatory treatment by an appointing authority because he or she gives information, testimony, or evidence in a prudent manner to appropriate authorities concerning conduct prohibited by law or regulation, which he or she reasonably believes to have been engaged in by any person(s). If the employee incurs such treatment despite this admonition, he or she shall have a right to appeal to this commission."
The Commission also added that the burden of proof was on the appellants.
At the Commission hearing, the appellants listed the various reasons why they felt that the truck in which they were requested to work was unsafe. The defendant claimed that the only problem with the truck was that the curtains were torn and that he did not perceive that condition as hazardous. The Commission determined that when appellants' supervisor told them that they would have to address their complaints about the truck at City Hall, appellants were unaware that taking that action could lead to their termination.
After the hearing, the Commissioner determined that both parties were at fault in this matter and stated that:
"It appears to the Commission that if the supervisors had communicated to the men certain hazardous conditions of the truck, and the driver told to proceed cautiously, this case would not have evolved into a major incident. Management obviously considered the condition to be normal operating procedure, and thus concluded that the appellants simply did not feel like working that day. Nothing was introduced at the hearing to indicate "poor" work records of the appellants. In fact, one appellant had only one additional week before becoming permanent.
"Both parties seem to have moved quickly to a hasty confrontation. Both should therefore share in this disciplinary action.
"The Commission orders the appellants REINSTATED without back pay. Appellants are instructed to contact the Sewerage and Water Board immediately and inform them of his desire and availability to return to work. The Sewerage and Water Board is to take necessary measures to effect the reinstatement as quickly as the process allows."
Appellants now appeal to this Court only as to the issue of "back pay". The appellants cite several cases which hold that an illegally dismissed employee who is subsequently reinstated is entitled to reinstatement with back pay. However, the Civil Service Commission in this case ruled that both the appellants and the Sewerage & Water Board were at fault in the incident which led to the subsequent dismissal of the appellants. Therefore, the appellants in this case are distinguishable from the illegally dismissed employees described in *174 the above-mentioned jurisprudence and are not entitled to pay.
Appellee's brief alleges several assignments of error other than those addressed in appellant's brief. In order to obtain a beneficial modification of the trial court's judgment, an appellee must either appeal independently or answer another party's appeal. Bustamante v. Manale, 397 So.2d 842 (La.App. 4th Cir.1981).
In this case, the appellee filed an appeal but that appeal was dismissed for failure to pay costs. Furthermore, appellee failed to file an answer to appellant's appeal. See LSA-C.C.P. art. 2133. The brief submitted by appellee does not satisfy the requirements of C.C.P. art 2133 as it is neither an answer or an appeal. Arrow Fence Company, Inc. v. DeFrancesch, 466 So.2d 631 (La.App. 5th Cir.1985), writ denied, 468 So.2d 575 (La.1985).
Therefore, because appellee failed to file an answer to the appeal or perfect an appeal, we are precluded from addressing the issues raised solely in appellee's brief.
In view of the entire record, we conclude that the ruling of the Civil Service Commissioner was not manifestly erroneous. We affirm.
AFFIRMED.