|1KLEES, Judge.
Defendant, P.J. Stakelum, III, appeals the trail court’s judgment awarding plaintiffs and intervenors forty thousand dollars ($40,000) in damages for breach of contract. We affirm.
Plaintiffs Bevpac Properties, a Louisiana partnership, and McNulty, O’Connor & Stakelum, a professional corporation, brought this action against defendant P.J. Stakelum for his alleged failure to live up to certain obligations he incurred under an April 19, 1982 partnership purchase agreement. In early 1982, Bevpac Properties was owned forty percent (40%) by August C. Engelhardt and James J. Cooke, Jr., interve-nors herein, and sixty percent (60%) by other individuals who were desirous of selling their portion. In April 1982, McNulty, O’Connor & Stakelum purchased fifty percent (50%) of the partnership from these other individuals, and Engelhardt and Cooke purchased the remaining ten percent (10%), which increased their total share to fifty percent (50%). The sole purpose of the Bevpac Properties partnership was to own and manage an office building located at 622 Baronne Street in New Orleans. The partnership purchase agreement contains a “Leasing Commitment,” whereby each of the five partners promised to lease, and/or to cause his wholly owned corporation to lease, space on the first floor of the partnership’s property aggregating not less than 3,310.84 square feet at an annual rental of not less than $2,985.76 per month. The building was burdened with a $353,000.00 mortgage to the Whitney National Bank, which all the partners were required to personally guarantee.
In March of 1985, after McNulty, O’Con-nor & Stakelum had occupied part of the first floor of the leased premises for three years, Stakelum vacated the premises and withdrew from McNulty, O’Connor & Stakelum, but not from the Bevpac Properties partnership. Following his withdrawal, Stakelum paid a total of $3,000 in five monthly installments to McNulty, O’Connor & Stakelum, but made no further rental payments, nor leased space in the building. Engelhardt and Cooke vacated the premises in June of 1990, but have continued to pay their pro-rata share of the rent to the Bevpac partnership.
On April 18, 1990, Bevpac Properties and McNulty, O’Connor & Stakelum brought this suit against Stakelum for his failure to live up to his obligations under the partnership |2purchase agreement. In July of 1991, the other four partners (Engelhardt, Cooke, McNulty and O’Connor) intervened in this lawsuit, claiming that they have been individually harmed by defendant Stakelum’s failure to pay his partnership obligation.
The lawsuit was tried on April 13-14,1993, with plaintiffs and intervenors contending that the defendant owed them approximately $75,000.00. Defendant argued that he owed no obligation to make rental payments to the partnership after he vacated the building, and alternatively, that he was entitled to a setoff for the $3,000.00 he had paid, as well as for certain periods of time when the entire first floor of the building was occupied after his departure.
On September 3, 1993, the trial court rendered judgment for plaintiffs and intervenors in the amount of $40,000.00. In her Reasons for Judgment, the trial judge noted that defendant owed the rental payments because they were, in part, his capital contributions to the partnership, and he could not continue to reap the benefits of being a partner without accepting some of the responsibility to which *1172 he had obligated himself initially. The trial judge also stated that defendant was entitled to a setoff, and indicated that she had estimated the amount of the setoff to arrive at the amount of the judgment.
The defendant has appealed suspensively from the judgment, asserting seven assignments of error. After considering defendant’s arguments in light of the record, we find no error in the trial court’s judgment.
First, defendant contends that the trial court erred in holding that a partner has an obligation to pay rent, rather than simply an obligation to share in the losses of the partnership. Defendant further contends that since no partnership losses were shown, he owes no money.
Defendant has mischaracterized the trial court’s ruling. The trial court did not hold that a partner has an obligation to pay rent, but rather that in this instance, the defendant specifically undertook in the agreement to purchase the partnership an obligation to lease and pay rent on the partnership property. When the defendant vacated the premises, he still had an obligation to make the rental payments because he had contracted to do so in the purchase agreement. The testimony of the parties at trial, together with the document itself, clearly showed that the rental payments were actually the partners’ capital contributions to the partnership. We find no merit in this argument.
|3Secondly, defendant argues that the trial court erred in overruling his exception of prescription. Defendant contends that because plaintiffs’ action seeks arrearages in rent, it prescribed three years from April 1985, the date he ceased paying rent. We disagree. Plaintiffs’ lawsuit is for breach of defendant’s contractual obligations under the 1982 purchase agreement. As such, it has a ten year prescriptive period under Louisiana Civil Code article 3499. Defendant has no lease, only an obligation to lease and make specified rental payments to the partnership, which obligation is set forth in the agreement to purchase the partnership. These “rental payments” were part of defendant’s contribution to the partnership in order to enable it to pay the mortgage on the building. Defendant, as a partner in the partnership which owns the building, is more than a mere tenant. These facts clearly distinguish the instant case from Starns v. Emmons, 538 So.2d 275 (La.1989), cited by defendant, in which the Supreme Court held that an action to recover rent arrearages, late charges and attorney’s fees under an equipment lease was subject to the three year liberative prescription despite plaintiffs attempt to characterize it as merely a breach of contract claim. Id. at 277-278. We therefore reject defendant’s contention that the instant case is barred by prescription.
Defendant’s third argument is that even if he had a continuing rental obligation after he left the Bevpac building, the obligation terminated according to the terms of various Civil Code articles on lease, namely, articles 2670 and 2671 (certain and determinate price) and article 2686 (ten day notice to terminate lease with no fixed term). Defendant’s argument in this respect ignores the fact that the purchase agreement is not a lease, and therefore is not governed by the Louisiana Civil Code articles on lease. The evidence at trial clearly showed that the parties intended the leasing commitment in the purchase agreement to last until the mortgage on the property was completely satisfied. We therefore reject defendant’s argument that the leasing commitment was terminated.
Defendant’s fourth assignment of error, that the trial court admitted into evidence a summary of rental payments owed without the proper documentary foundation being made available, is also without merit. We find that the necessary underlying documentation was made available to the defendant and to the trial court as is required by Louisiana Code of Evidence article 1006.
|4Defendant's fifth argument is that the trial court erred in merely “estimating” the amount of the setoff which he was entitled to receive when evidence existed to determine the precise amount. We agree that the defendant proved he was entitled to a setoff and that the trial judge should have used the factual evidence available to determine the precise amount of the setoff. How *1173 ever, in examining these figures, we conclude that plaintiffs and intervenors would be entitled to a net award which is more than the amount awarded by the trial judge, not less. Because neither plaintiffs nor intervenors filed an answer to the appeal, they are not entitled to any affirmative relief. La.Code Civ.Pro. Art. 2133. We will not disturb the award.
Defendant’s sixth assignment of error is that the trial court allowed the introduction of evidence concerning the capital contributions of the partners, which evidence went beyond the scope of the pleadings in violation of La.Code Civ.Pro. art. 1154. We find no merit in this argument. The plaintiffs petition alleges that defendant breached the partnership purchase agreement. Any aspect of that agreement, as well as the parties’ intent in signing it, is relevant and does not constitute an impermissible enlargement of the pleadings in violation of C.C.P. article 1154.
Defendant’s final assignment of error is also without merit. Defendant contends that the trial court erred in rendering judgment in favor of intervenors, arguing that if he breached his obligations under the partnership purchase agreement, only the Bev-pac partnership has a right to recover. We disagree. In the instant ease, the evidence showed that the intervenors individually were damaged by having to make up for defendant’s shortfall by increasing their own contributions to the partnership, as well as by using other partnership funds to continue to meet the mortgage payments on the building. Therefore, we reject this assignment of error.
Accordingly, for the reasons given, we find no error in the judgment of the trial court, and we affirm the judgment. All costs to be borne by Appellant.

AFFIRMED.

CIACCIO, J., dissents with reasons.