685 So.2d 597 (1996)
Billy Ray EUBANKS
v.
Bruce F. HOFFMAN and Resource Development, Inc.
No. 96-CA-0629.
Court of Appeal of Louisiana, Fourth Circuit.
December 11, 1996.
Douglas S. Draper, Omer F. Kuebel, III, New Orleans, for Plaintiff/Appellant.
Thomas F. Weymann, New Orleans, for Defendant/Appellee.
Before ARMSTRONG, JONES and MURRAY, JJ.
*598 ARMSTRONG, Judge.
This case involves a business dispute. The plaintiff, Billy Ray Eubanks, is a physician who went into the oil and gas business. Defendant Bruce R. Hoffman is a geologist and he is closely associated with defendant Resource Development, Inc. The plaintiff and the defendants worked together in the acquisition of oil and gas properties. A corporation with which Mr. Eubanks was closely associated, Diamond Oil International, Inc., also became involved in some way with some of the oil and gas transactions but was never made a party to this action. Mr. Eubanks filed suit against Mr. Hoffman and Resource Development for amounts allegedly due him. Defendants Mr. Hoffman and Resource Development filed a reconventional demand against Mr. Eubanks for amounts allegedly due them.
The trial court dismissed Mr. Eubanks' claim for no right of action and dismissed Mr. Hoffman's and Resource Development's claim for res judicata. Mr. Eubanks appealed. Mr. Hoffman and Resource Development did not appeal and did not file an answer to Mr. Eubanks' appeal. Mr. Eubanks argues on appeal that he was not given an opportunity below to present evidence to show his right of action. While we can see why the trial court, based upon the existing record, might well conclude that Mr. Eubanks has no right of action, we are concerned that Mr. Eubanks did not have a procedural opportunity to present evidence to prove his right of action, and so we vacate the judgment as to Mr. Eubanks' claim and remand for an evidentiary hearing as to his right of action. Mr. Hoffman and Resource Development argue on appeal that the trial court erred in dismissing their reconventional demand for res judicata. However, because Mr. Hoffman and Resource Development did not appeal or file an answer to Mr. Eubanks' appeal, we cannot consider the merits of their arguments as to the trial court's judgment dismissing their reconventional demand.
The working arrangement between Mr. Eubanks and Mr. Hoffman began and continued for some time on an informal, oral agreement basis. Mr. Hoffman would locate oil and gas properties and bring them to Mr. Eubanks' attention for possible purchase. Mr. Hoffman was paid lump-sum finder's fees and given percentage royalty interests on some of these properties. On other properties, Mr. Hoffman was given the opportunity to acquire 10% working interests which would obligate him to pay 10% of the purchase price, bear 10% of the operating costs, and receive 10% of the profits.
Pursuant to these various arrangements, certain payments were made to Mr. Hoffman. All or almost all of these payments were made by checks of Diamond rather than Mr. Eubanks personally. Mr. Eubanks alleges that most of these payments were advances against future income attributable to Mr. Hoffman which were to be paid back out of future income of Mr. Hoffman. Because some confusion, or at least concern, arose as to exactly how much was owed by and to each of the parties, they drew up, and on February 27, 1986, executed, a "Master Agreement" to reduce to writing their business agreements for their future and, apparently, past oil and gas transactions together. Contemporaneously with the execution of the Master Agreement, Diamond executed a $151,000 promissory note payable to Mr. Hoffman and guaranteed by Mr. Eubanks.
Later, Mr. Eubanks and Diamond both filed for Chapter 11 bankruptcy reorganization. Mr. Hoffman and Resource Development filed proofs of claim against Mr. Eubanks and Diamond in the bankruptcy proceeding. Mr. Eubanks filed objections to those claims in the bankruptcy proceeding. The bankruptcy court sustained Mr. Eubanks' objections to the claims of Mr. Hoffman and Resource Development but granted them two weeks in which to file amended proofs of claim. However, apparently, Mr. Hoffman and Resource Development never filed amended proofs of claim.
Later, Mr. Eubanks brought the present action against Mr. Hoffman and Resource Development. The primary thrust of Mr. Eubanks' claim is that most of the payments made to Mr. Hoffman were advances against future income attributable to Mr. Hoffman, that there never was such future income to *599 pay off the advances, and that the advances have never been repaid by Mr. Hoffman and are still owed by Mr. Hoffman. In defense, Mr. Hoffman asserts that the payments in question were not advances at all but were, instead, payments made for consulting services.
The judgment of the trial court states that Mr. Eubanks' claims "are dismissed pursuant to Louisiana Code of Civil Procedure Article 927 for the failure of plaintiff to demonstrate a right of action". Judgment, November 7, 1995. The trial court's Reasons For Judgment elaborate by stating that:
Eubanks has asserted his claim in his individual capacity. No claim is made by Diamond. The evidence preponderates to all amounts that might be due as those of Diamond, not Eubanks. The Court has insufficient evidence to satisfy it that Eubanks has a right to assert any claim against Hoffman or Resource. C.C.P. art. 927. Accordingly, Eubanks cannot prevail.
The trial court makes a good point. The checks payable to Mr. Hoffman which, Mr. Eubanks alleges, were for advances to be repaid, were checks drawn on Diamond's account and not Mr. Eubanks' account. The fact that the checks were Diamond checks, and not checks from Mr. Eubanks personally, suggests that, if any repayment is owed, it is owed to Diamond rather than to Mr. Eubanks.
The trial court also was entirely correct to identify the peremptory exception of no right of action, La.Code Civ. Proc. art. 927(5), as the applicable legal rule. The peremptory exception of no right of action addresses whether this plaintiff has an interest in judicially enforcing the right alleged against the defendant. That is, it raises the issue of whether this plaintiff belongs to the particular class for which the law grants a remedy for a particular grievance. This exception of no right of action (as distinct from the exception of no cause of action) does not raise the questions of whether the proper plaintiff can prevail on the merits or whether the defendant has a valid defense. Touzet v. V.S.M. Seafood Services, Inc., No. 96-C-0225 (La.App. 4th Cir. 3/27/96), 672 So.2d 1011, 1012-13. Accord Sattar v. Aetna Life Ins. Co., No. 95-CA-1108 (La.App. 4th Cir. 3/20/96), 671 So.2d 550, 553; Lambert v. Donald G. Lambert Construction Co., 370 So.2d 1254, 1255 (La.1979).
Thus, we might affirm the trial court's dismissal of Mr. Eubanks' claim, under an exception of no right of action, but we are concerned that Mr. Eubanks did not have the required procedural opportunity to present evidence to prove that he, as opposed to Diamond, has a right of action for recovery of the alleged advances. Mr. Eubanks' brief states that at no time did Mr. Hoffman or Resource Development file an exception of no right of action and, based upon our review of the record, Mr. Eubanks appears to be correct in that regard. Thus, it appears that the trial court raised the exception of no right of action upon its own motion which, of course, the trial court had authority to do. La.Code Civ. Proc. art. 927; Teachers Retirement System v. Louisiana State Employees Retirement System, 456 So.2d 594, 598 (La.1984). Mr. Eubanks' brief also states that, at no time during the trial, was Mr. Eubanks' right of action ever questioned and, based upon our review of the trial transcript, that appears to be correct as well. Thus, the first notice to Mr. Eubanks that his right of action was at issue came in the trial court's Judgment and Reasons For Judgment which decided the entire case. That is, at no time prior to submission of the case to the trial court for decision, was Mr. Eubanks put on notice, by the pleadings or otherwise, that he needed to present evidence to show his right of action.
A peremptory exception, including an exception of no right of action, "may be pleaded at any stage in the proceeding prior to the submission of the case for a decision". La.Code Civ. Proc. art. 928 B (emphasis added). "If the peremptory exception has been pleaded after the trial of the case, the court may rule thereon at any time unless the party against whom it has been pleaded desires and is entitled to present evidence thereon. In the latter event, the peremptory exception shall be tried specially." La.Code Civ. Proc. art. 929 B (emphasis added). "When the peremptory exception [except an exception of no cause of action] is pleaded in *600 the trial court after the trial of a case, but prior to a submission for a decision, the plaintiff may introduce evidence in opposition thereto, but the defendant may introduce no evidence except to rebut that offered by the plaintiff." La.Code Civ. Proc. art. 931 (emphasis added). On an exception of no right of action (as opposed to an exception of no cause of action), evidence may be admitted to either rebut or support the exception. Teacher's Retirement, 456 So.2d at 597; Sajare Interests, Ltd. v. Esplanade Management, Inc., 459 So.2d 748, 752 (La.App. 4th Cir. 1984).
Mr. Eubanks' brief asserts that, if given notice and an opportunity, he would have presented evidence to prove his right of action. In particular, Mr. Eubanks asserts that, if given the opportunity, he will show that he has a legal interest in the amounts claimed despite the fact that the checks for those amounts were written by Diamond.
In Modicut v. Rist, 98 So.2d 268 (La.App. 1st Cir.1957), the plaintiff, an individual, brought suit for property damage to a truck. On appeal, the defendant for the first time filed an exception of no right of action. This was based upon certain testimony at trial that the truck was owned by a partnership of which the plaintiff was a partner rather than being owned by the plaintiff individually. The Modicut court ruled that the case must be remanded in order to permit the plaintiff to present evidence that he was, in fact, the owner of the truck:
Plaintiff-appellant most forcefully urges that it is extremely unfair that he be bound by the perhaps unfounded and unconsidered answers of an illiterate truck-driver concerning a matter not at issue at the trial, the technical ownership of "Jay's Grocery" as owner of the truck. It is perhaps for such reasons that the Code of Practice requires that the peremptory exception of no right of action "must be pleaded specially, and sufficient time allowed to the adverse party to bring his evidence," Article 346, and further requires that if pleaded on appeal, "the party to whom it is opposed shall have the privilege of demanding that the cause be remanded for trial upon that plea," Article 902; see Higginbotham v. Inland Empire Ins. Co., (La.App. 1 Cir.), 88 So.2d 711.
98 So.2d at 270. Modicut relied upon Articles 346 and 902 of the Code of Practice which has now been superseded by the Code of Civil Procedure. However, the Official Revision Comments to Article 931 of the Code of Civil Procedure (which article is quoted above) states that the policy ... of Articles 346 and 902 of the Code of Practice is preserved in Article 931 of the Code of Civil Procedure:
Arts. 346 and 902 of the Code of Practice of 1870 preclude the exceptor's depriving the plaintiff of the opportunity of adducing evidence by pleading the exception after the trial of the case, or in the appellate court, and provide that in such cases the plaintiff is to be given an opportunity to produce his evidence, even though this may require a remand of the case from the appellate to the trial court. The rules set forth in the above article are based upon the rationale of these two 1870 Code provisions, but have been expanded to cover all phases of the problem.
La.Code Civ. Proc. art 931, Official Revision Comment (b). See also Teachers Retirement, 456 So.2d 594 (where there had not yet been any testimony, and evidence was required as to whether plaintiff had right of action, judgment sustaining exception of no right of action was reversed and case was remanded).
We believe that, in this case, Mr. Eubanks did not have the procedural opportunity, required by the Code of Civil Procedure, in which to present evidence to prove his right of action. Thus, we will vacate the judgment below insofar as it dismisses Mr. Eubanks' claim due to no right of action of Mr. Eubanks and will remand for an evidentiary hearing on an exception of no right of action and for such other proceedings as are necessary to a determination of Mr. Eubanks' claim. Also on remand, Mr. Eubanks may move for leave to file any appropriate amendment to his petition in light of the pendency of the exception of no right of action. La. Code Civ. Proc. arts. 934, 1151.
*601 Mr. Hoffman and Resource Development argue in their brief on appeal that we should reverse the trial court's judgment insofar as it dismisses their reconventional demand for res judicata. However, Mr. Hoffman and Resource Development neither appealed nor answered the appeal of Mr. Eubanks.
An appeal is necessary in order for a party to exercise its right "to have a judgment of the trial court revised, modified, set aside, or reversed by an appellate court". La.Code Civ. Proc. art. 2082. In order to appeal, it is necessary that an order therefore be obtained within the delay allowed. La.Code Civ. Proc. art. 2121. Mr. Hoffman and Resource Development have not done so. The delay for taking an appeal in this case has long since expired. La.Code Civ. Proc. arts. 2087, 2123.
Alternatively, an appellee, such as Mr. Hoffman and/or Resource Development may answer an appeal of an appellant such as Mr. Eubanks:
A. An appellee shall not be obliged to answer the appeal unless he desires to have the judgment modified, revised, or reversed in part or unless he demands damages against the appellant. In such cases, he must file an answer to the appeal, stating the relief demanded, not later than fifteen days after the return day or the lodging of the record whichever is later. The answer filed by the appellee shall be equivalent to an appeal on his part from any portion of the judgment rendered against him in favor of the appellant and of which he complains in his answer. Additionally, however, an appellee may by answer to the appeal, demand modification, revision, or reversal of the judgment insofar as it did not allow or consider relief prayed for by an incidental action filed in the trial court. If an appellee files such an answer, all other parties to the incidental demand may file similar answers within fifteen days of the appellee's action.
B. A party who does not seek modification, revision, or reversal of a judgment in an appellate court, including the supreme court, may assert, in support of the judgment, any argument supported by the record, although he has not appealed, answered the appeal, or applied for supervisory writs.
La.Code Civ. Proc. art. 2133 (emphasis added). However, Mr. Hoffman and Resource Development did not file an answer to Mr. Eubanks' appeal and the delay to do so has long since expired.
Under these circumstances, with neither an appeal nor an answer to appeal by Mr. Hoffman and Resource Development, we cannot consider their argument that the trial court's dismissal of their reconventional demand should be reversed.
Appellee's brief alleges several assignments of error other than those addressed in appellant's brief. In order to obtain a beneficial modification of the trial court's judgment, an appellee must either appeal independently or answer another party's appeal Bustamante v. Manale, 397 So.2d 842 (La.App. 4th Cir.1981).
In this case, the appellee filed an appeal but that appeal was dismissed for failure to pay costs. Furthermore, appellee failed to file an answer to appellant's appeal. See LSA-C.C.P. art. 2133. The brief submitted by appellee does not satisfy the requirements of C.C.P. art 2133 as it is neither an answer or an appeal. Arrow Fence Company, Inc. v. DeFrancesch, 466 So.2d 631 (La.App. 5th Cir.1985), writ denied, 468 So.2d 575 (La.1985).
Therefore, because appellee failed to file an answer to the appeal or perfect an appeal, we are precluded from addressing the issues raised solely in appellee's brief.
Beverly v. Sewerage and Water Board, 519 So.2d 172, 174 (La.App. 4th Cir.1987). Accord Roger v. Estate of Moulton, 513 So.2d 1126, 1136 (La.1987). See also Bevpac Properties v. Stakelum, 94-0395 (La.App. 4th Cir. 9/29/94), 645 So.2d 1170, 1173, writ denied, 95-0107 (La.3/10/95), 650 So.2d 1185; Geraci v. Louisiana DOTD, 589 So.2d 1215, 1218 (La.App. 4th Cir.1991); Smith v. USAA Cas. Ins. Co., 532 So.2d 1171, 1172 (La.App. 4th Cir.1988).
For the foregoing reasons, we vacate the portion of the judgment of the trial court which dismisses the claim of plaintiff Eubanks *602 and we remand for further proceedings on the exception of no right of action and for such proceedings as are necessary to determine Mr. Eubanks' claim and we affirm that portion of the judgment of the trial court which dismisses the reconventional demand of defendants Hoffman and Resource Development.
VACATED AND REMANDED IN PART; AFFIRMED IN PART.