741 So.2d 149 (1999)
Rhonda Jean Beck GAY, Plaintiff-Appellant,
v.
Kenneth A. GAY, Defendant-Appellee.
No. 31,974-CA.
Court of Appeal of Louisiana, Second Circuit.
June 16, 1999.
*150 James M. Johnson, Counsel for Appellant.
Campbell, Campbell & Marvin by John C. Campbell, Minden, Counsel for Appellee.
Before STEWART, GASKINS and KOSTELKA, JJ.
STEWART, J.
This matter involves the partition of community property. The appellant, Rhonda Jean Beck Gay appeals the trial court judgment in favor of the appellee, Kenneth A. Gay, 26th Judicial District Court, Webster Parish, the Honorable Dewey E. Burchett, Jr., presiding. The appellant urges two assignments of error. We affirm.

FACTS
Rhonda Jean Beck Gay (Mrs. Gay) and Kenneth A. Gay's (Mr. Gay) community of acquets and gains was dissolved and terminated when Mrs. Gay filed for divorce on November 30, 1994. On March 1, 1996, Mr. Gay filed a petition for partition of the community property. On August 7, 1996, the trial court rendered a judgment of provisional use and occupancy of the matrimonial domicile in favor of Mr. Gay, subject to review by the parties in ninety (90) days. The judgment further ordered that the parties were to agree upon an independent party to provide them with the fair market value of the property, or that they may agree to jointly hire an appraiser to formally establish the fair market value of the former matrimonial domicile, and that the fair market value of the former matrimonial domicile was to be established within thirty (30) days from the date of the judgment.
The appraisal was performed by Robin Beck, MAI, on August 15, 1997. The appraised value of the former matrimonial domicile was $82,000.00. The matter came to trial on the issue of partitioning the former community of acquets and gains on February 19, 1998. An amortization schedule was submitted into evidence showing the schedule of payments. Forty-five payments had been made at the time the community was dissolved. It was undisputed that Mr. Gay made every payment except one-half (½) of one monthly payment made by Mrs. Gay. On July 15, 1998, the trial court rendered an opinion finding the value of the house, pursuant to the appraisal report, to be $82,000, giving Mr. Gay a credit of $12,441.05 and ordering Mrs. Gay to transfer all of her interest in the former community home *151 and acreage and additionally to pay Mr. Gay the sum of eight thousand nine hundred twenty-three dollars and 11/100 ($8,923.11) in cash, which is the total amount due to Mr. Gay from Mrs. Gay before applying all of the credits for each party.
The trial court opinion, in pertinent parts, provides that:
"Mrs. Gay should be given credit for one-half (½) of the $1,500.00 the value the court finds to be the value of the horse Katy's Hot Shot or $750.00 credit to Mrs. Gay ... The court believes Mrs. Gay should be given $3,000.00 credit for the vehicles, the Ford and Nissan, which were eventually sold by Mr. Gay.
The court finds the horse trailer was community property, but does not believe that the value of $700.00 assigned by Mr. Gay would be appropriate since this was really not an arm's length transaction between Mr. Gay and his friend. The court assigns a value of $2,500.00 to the horse trailer, which Mrs. Gay is to be given credit for one half (½) of this amount.
The passbook savings account shows that $4,000.00 was originally deposited by Mr. Gay and eventually the amount of $4,295.00 was withdrawn. One half (½) of the $295.00 should be shown as Mrs. Gay's part of the community ... and she should be given credit for one-half (½) of $295.00.... Mrs. Gay's final reimbursement with regard to the last claim is $76.66."
The sum of three thousand six hundred ninety-eight dollars and 95/100 ($3,698.95) is the net amount due to Mr. Gay from Mrs. Gay after applying all of the credits for each party.
Mrs. Gay now appeals urging that the trial court erred in denying her claim for fair market rent for the period of time Mr. Gay occupied the former matrimonial domicile, from August 7, 1996 until the trial on the matter and by not giving her the proper credits that she should have been allowed.

STANDARD OF REVIEW
La. R.S. 9:2801 governs community property partitions. In allocating community assets and liabilities, the trial court has great discretion to divide a particular asset or liability equally or unequally or to allocate it in its entirety to one of the spouses. The court must consider the nature and source of the asset or liability, the economic condition of each spouse, and any other circumstances that it deems relevant. La. R.S. 9:2801(4)(c); Hare v. Hodgins, 586 So.2d 118 (La.1991); Kambur v. Kambur, 94-775 (La.App. 5th Cir.3/1/95), 652 So.2d 99.
In light of this discretion, the trial court is not required to accept at face value a spouse's valuation of assets or debts, or claims against the community. Cutting v. Cutting, 625 So.2d 1112 (La. App. 3d Cir.1993), writ denied 93-2770 (La.1/7/94), 631 So.2d 453. An appellate court may not overturn the trial court's factual findings or credibility determinations unless clearly wrong or manifestly erroneous. Stobart v. State, Through Dept. of Transp. and Dev., 617 So.2d 880 (La.1993). Barrow v. Barrow, 27,714 (La. App. 2 Cir. 2/28/96), 669 So.2d 622.

PROPER CREDITS

Fair Market Rent
Mrs. Gay urges that the trial court erred by giving Mr. Gay full credit for all mortgage payments he made before and after the August 7, 1996 interim judgment and by not giving her an offset credit for rental credits for the time period that Mr. Gay occupied the former matrimonial domicile, from August 7, 1996 until the trial on the matter. Mrs. Gay further urges that the interim judgment only gave Mr. Gay use and occupancy for ninety days subject to further review. Nevertheless, Mr. Gay remained in the former matrimonial domicile, making monthly mortgage payments. Therefore, Mrs. Gay urges that she is *152 entitled to fair market rental value and that she should be paid no less than $5,000.00 if Mr. Gay is allowed to have full ownership of the former matrimonial domicile.
Mr. Gay argues that neither party ever sought an order from the court directing that the other spouse be liable for rent for the use and occupancy of the home; nor was there any agreement between the parties pertaining to rent. Mr. Gay did not seek rental for the period that Mrs. Gay was in the home and Mrs. Gay did not seek rental credits for the period that Mr. Gay was in the home. Therefore, neither party has a valid claim for rent.
Mr. Gay further argues that the amortization schedule submitted into evidence shows the schedule of payments, that forty-five (45) payments had been made at the time the community was dissolved, that it was undisputed that Mr. Gay made every payment except one-half (½) of one monthly payment which was made by Mrs. Gay and that Mr. Gay's payments totaled $13,872.03 between November 30, 1994 and August 7, 1996 when he was given use and occupancy of the home. Following the August 7, 1996 interim judgment, Mr. Gay resided in the home making payments totaling $11,009.98. Therefore, Mr. Gay was entitled to a credit for one half of the payments he has made following the dissolution of the community to retire this community debt. Accordingly, Mr. Gay sought and was correctly awarded a credit of $12, 441.05 by the trial court for one half of the total payments made by him. See Jones v. Jones, 605 So.2d 689 (La.App. 2 Cir.1992).
Louisiana Revised Statute 9:374, subsection C provides that:
C. A spouse who uses and occupies or is awarded by the court the use and occupancy of the family residence pending either the termination of the marriage or the partition of the community property in accordance with the provisions of R.S. 9:374(A) or (B) shall not be liable to the other spouse for rental for the use and occupancy, unless otherwise agreed by the spouses or ordered by the court.
When there is no evidence of court ordered rent or agreement between parties, the occupying spouse is not liable for rent. McConathy v. McConathy, 25,542 (La.App. 2 Cir. 2/23/94), 632 So.2d 1200; writ denied 94-0750 (La.5/6/94), 637 So.2d 1052; McElwee v. McElwee, 93 1010 (La. App. 1 Cir. 8/17/94), 649 So.2d 975. After a review of the record and evidence we do not find that the trial judge committed manifest error in not awarding Mrs. Gay rental payments, as there was no evidence of court ordered rent or an agreement between parties. Accordingly, this assignment of error is without merit.

The Three Horses
Mrs. Gay urges that of the three horses listed in her descriptive list, the trial court erred in finding that the horses, "Wonder of You" and "Hot Shot San Toe," were Mr. Gay's separate properties because the back and forth trading of horses by Mr. Gay created commingling. Therefore, those two horses should have been classified as community property, resulting in an additional $7,250.00 credit to Mrs. Gay.
However, Mr. Gay argues that both "Wonder of You" and "Hot Shot Colonel" are his separate properties, that Reginald Gay, Mr. Gay's father, testified that the horse was purchased from him prior to the marriage and that Mrs. Gay offered no testimony to refute this testimony. Likewise, Mr. Gay argues that prior to the marriage he purchased a horse named "Peppy," that Peppy was purchased for $2,000.00 and that he traded "Peppy," his separate property, for "Hot Shot Colonel." Therefore, in accordance with La. Civ. Code art. 2341, the trial court correctly classified "Hot Shot Colonel" as his separate property.
As for the horse, "Katy's Hot Shot," the parties agree that it is correctly classified *153 as community property. Mr. Gay listed the horse as having a value of $1,000.00 and Mrs. Gay listed it at $2,000.00. Neither side introduced expert testimony to support their valuation. The trial court assigned a value of $1,500.00 to Kay's Hot Shot.
The classification of property as separate or community is fixed at the time of its acquisition. Luffey v. Luffey, 572 So.2d 1045 (La.App. 2d Cir.1990); Reeves v. Reeves, 607 So.2d 626, 628 (La.App. 2 Cir.1992). "The party alleging the separate character of property must prove that the property was acquired and paid for with separate funds by proof that is fixed, clear, positive and legally certain." Succession of Hamiter, 519 So.2d 341 (La. App. 2 Cir.), writ denied, 521 So.2d 1170 (La.1988).
In furtherance, LSA C.C. Art. 2341 provides that:
The separate property of a spouse is his exclusively. It comprises: property acquired by a spouse prior to the establishment of a community property regime; property acquired by a spouse with separate things or with separate and community things when the value of the community things is inconsequential in comparison with the value of the separate things used; property acquired by a spouse by inheritance or donation to him individually; damages awarded to a spouse in an action for breach of contract against the other spouse or for the loss sustained as a result of fraud or bad faith in the management of community property by the other spouse; damages or other indemnity awarded to a spouse in connection with the management of his separate property; and things acquired by a spouse as a result of a voluntary partition of the community during the existence of a community property regime.
In the present case, Mrs. Gay testified that "Hot Shot Colonel" was acquired during the marriage, that she accompanied Mr. Gay to pick up the horse and that she had no further knowledge about the acquisition of "Hot Shot Colonel." Mrs. Gay further testified that "Wonder of You" was sold during the marriage. However, she did not offer testimony regarding the acquisition of "Wonder of You."
On the other hand, Mr. Gay testified that when he married Mrs. Gay he owned two horses, "Peppy" and "Wonder of You",and that he sold "Peppy," his separate property, during the marriage. Mr. Gay further testified that he took the proceeds from the sale of "Peppy," bought a horse in Texas and then later traded that horse for "Hot Shot Colonel." As for "Wonder of You," Mr. Gay testified that "Wonder of You" was purchased prior to their marriage and, his father, Reginald Gay testified that the horse was purchased from him prior to the marriage. Mrs. Gay offered no testimony to refute the testimony regarding the acquisition of these two horses, "Peppy" and "Wonder of You."
The trial judge found that Mr. Gay met his burden of proof, thereby sufficiently rebutting the presumption that the horses, "Wonder of You" and "Hot Shot Colonel," are community property. We cannot say, under the circumstances, the trial judge erred in finding that "Wonder of You" was purchased prior to the marriage and that "Hot Shot Colonel" was acquired with funds substantially derived from Mr. Gay's separate property and thus remained a part of his separate estate. Accordingly, this assignment of error is without merit.

The Horse Trailer
Mrs. Gay urges that the trial court erred in assigning a value of $2,500 to the horse trailer and that the horse trailer should be assigned a value of $5,000.00, resulting in a credit of $2,500.00 to Mrs. Gay.
It is a well established principle of our law that a trial court has broad discretion in settling and adjudicating issues raised by divorce and partition of the community *154 regime. Queenan v. Queenan, 492 So.2d 902 (La.App. 3d Cir.1986), writ denied 496 So.2d 1045 (La.1986); Feazel v. Feazel, 471 So.2d 851 (La.App. 2d Cir. 1985). La. R.S. 9:2801 provides in detail the procedure for judicial partitions of community property and settlement of claims after dissolution of the marriage, and affords the trial judge the "... much needed latitude to arrive at an equitable distribution of assets and liabilities between the spouses...." Hall v. Hall, 460 So.2d 1053, 1060 (La.App. 2d Cir.1984). The discretion given trial judges by R.S. 9:2801 includes wide latitude in the valuation of the assets of the community. Hunter v. Hunter, 468 So.2d 734 (La.App. 5th Cir.1985); Kaplan v. Kaplan, 522 So.2d 1344, 1346 (La.App. 2 Cir.1988).
Furthermore, the trial court is not required to accept, at face value, a party's valuation of assets or debts, or claims against the community. Barrow v. Barrow, 27,714 (La.App.2d Cir.2/28/96), 669 So.2d 622, writs denied, 96-1057, 96-1072 (La.6/21/96), 675 So.2d 1080; Mathews v. Mathews, 457 So.2d 746 (La.App. 2d Cir. 1984).
In the present case, the trial court stated in its opinion that it did not believe that the value of $700.00 assigned by Mr. Gay to the horse trailer was appropriate since the acquisition was really not an arm's length transaction nor did the trial court accept Mrs. Gay's valuation of $5,000.00. Instead, the trial court assigned a value of $2,500.00 to the horse trailer and allowed Mrs. Gay a credit for one-half (½) the amount.
The trial judge used the wide latitude of R.S. 9:2801 in the valuation of the assets of the community. The trial court did not clearly err in its calculation of the net value of the horse trailer by using an average between values each party placed on the item. We find that there was no abuse of discretion and this specification of error is without merit.
We now turn to the assignments of error of the appellee.

The Vehicles
In his brief, Mr. Gay urges that the trial court erred in allowing Mrs. Gay the $3,000.00 credit on the vehicles, that he is entitled to another credit of $15,026.02 and urges this court to review the record and notice that the District Court failed to make any mention of the evidence introduced by him pertaining to claims for reimbursement related to payments of separate funds for the preservation of community property and to satisfy community debts. Mr. Gay urges that the trial court erred in finding that the horse trailer was community property and that the finding is unsupported.
We are unable to consider the relief requested by the appellee, Mr. Gay. An appellee is required to file an answer to an appeal when he wishes to have the judgment modified, revised, or reversed in part, or demands damages against the appellant.
La.Code Civ. Proc. art. 2133 provides that:
A. An appellee shall not be obliged to answer the appeal unless he desires to have the judgment modified, revised, or reversed in part or unless he demands damages against the appellant. In such cases, he must file an answer to the appeal, stating the relief demanded, not later than fifteen days after the return day or the lodging of the record whichever is later. The answer filed by the appellee shall be equivalent to an appeal on his part from any portion of the judgment rendered against him in favor of the appellant and of which he complains in his answer. Additionally, however, an appellee may by answer to the appeal, demand modification, revision, or reversal of the judgment insofar as it did not allow or consider relief prayed for by an incidental action filed in the trial court. If an appellee files such an answer, all other parties to the incidental *155 demand may file similar answers within fifteen days of the appellee's action.
B. A party who does not seek modification, revision, or reversal of a judgment in an appellate court, including the supreme court, may assert, in support of the judgment, any argument supported by the record, although he has not appealed, answered the appeal, or applied for supervisory writs. La.Code Civ. Proc. art. 2133 (emphasis added).
We find that, with neither an appeal nor an answer to an appeal by Mr. Gay, we cannot consider Mr. Gay's argument that the trial court erred in finding that the horse trailer was community property, failed to make any mention of the evidence introduced by him pertaining to claims for reimbursement or pertaining to Mrs. Gay's $3,000.00 vehicle credit. In order to obtain a beneficial modification of the trial court's judgment, an appellee must either appeal independently or answer another party's appeal. Bustamante v. Manale, 397 So.2d 842 (La.App. 4th Cir.1981). The brief submitted by Mr. Gay does not satisfy the requirements of C.C.P. art. 2133 as it is neither an answer nor an appeal. Arrow Fence Company, Inc. v. DeFrancesch, 466 So.2d 631 (La.App. 5th Cir. 1985), writ denied, 468 So.2d 575 (La. 1985).
Therefore, because the appellee failed to file an answer to the appeal or perfect an appeal, we are precluded from addressing any issues raised solely in his brief.

CONCLUSION
For these reasons, we affirm the judgment of the trial court. Costs of this appeal are assessed against the appellant.
AFFIRMED.