JENKINS, J.,
dissents and assigns reasons.
¡J respectfully dissent and find that the trial court should have allowed the plaintiffs to introduce evidence to controvert the court’s objection to the plaintiffs’ standing. The trial court found that the plaintiffs had not proven their right to bring the action objecting to the candidacy *67 of Mr. Davenport and that the issue of standing was dispositive of the entire matter. As the majority notes, the trial court had the right to notice an exception of no right of action on its own motion. However, prior to the final judgment, these parties were not aware that the plaintiffs’ standing was in question. “If the peremptory exception has been pleaded after the trial of the case, the court may rule thereon at any time unless the party against whom it has been pleaded desires and is entitled to present evidence thereon.” La. C.C.P. art. 929(B). “On an exception of no right of action (as opposed to an exception of no cause of action), evidence may be admitted to either rebut or support the exception.” Eubanks v. Hoffman, 96-0629, pp. 5-6 (La.App. 4 Cir. 12/11/96), 685 So.2d 597, 600 citing Teacher’s Retirement System v. La. State Employees Retirement System, 456 So.2d 594, 597 (La.1984); see also, La. C.C.P. art. 931. If the trial court had raised this exception of no right of action during the hearing on September 2, 2014, or at any time prior to submission of the case for decision, the plaintiffs would have had notice and opportunity to present evidence | ¡of standing. In Eubanks, this Court found that the Louisiana Code of Civil Procedure provides the procedural opportunity to the plaintiff to controvert an objection to the right of action and that the plaintiff should be allowed the opportunity to present evidence to prove his right of action. 96-0629, p. 7, 685 So.2d at 600. This Court vacated the judgment insofar as it dismissed the plaintiffs claim due to no right of action and remanded the case for an evidentiary hearing on that exception of no right of action. Id., p. 9, 685 So.2d at 601-02. As in Eubanks, the trial court judgment, in this case, hinged on the finding that the plaintiffs had no standing to sue in this matter and the trial court did not provide plaintiffs the opportunity to rebut the exception of no right of action. Further, as the Court found in Eubanks, I find that the trial court erred by not affording the plaintiffs the opportunity to present evidence to rebut the objection to plaintiffs’ standing or right of action. Consequently, I would vacate the trial court’s judgment and remand this matter for an evidentiary hearing on the exception of no right of action and for such further proceedings to determine the merits of the remaining issues in this matter.